Nov. Term,
1846.

CLOSE
v.
HUNT.

Close and Others *v.* Hunt.

A bill in equity to enforce a mechanic's lien for materials furnished, &c., must be filed within a year from the time of furnishing the materials.

Although a bill in equity be taken as confessed, yet if its allegations are uncertain, a final decree should not be rendered for the complainant, unless the uncertainty be removed by evidence.

If in a suit to enforce a mechanic's lien, the property be ordered to be sold, and some of the defendants hold incumbrances on the property which are older than the complainant's lien, those incumbrancers, in the order of the dates of their liens, should be preferred to the complainant.

The defendants in such case who are incumbrancers not being in fault, are not liable for costs.

*Wednesday,*
*December 2.*

ERROR to the *Dearborn* Circuit Court.

DEWEY, J.—This was a bill in equity to enforce a lien for materials furnished to build a dwelling-house. The bill states that the complainant, *Hunt,* at different times between the *first* day of *April* and the *first* day of *September,* 1840, furnished *Close* with a quantity of lumber for the construction of a dwelling-house, on certain lots in *Lawrenceburgh* belonging to *Close,* to the amount of 293 dollars and 36 cents; that *Close* executed his note for that sum to the complainant on the *first* day of *September,* 1840, payable one day after date; that within *sixty* days from the latter period, the complainant filed in the recorder's office written notice of his intention to hold a lien on the house for the amount of the note; and that the entire debt was still due and unpaid. The bill further states, that *Close* and his wife executed mortgages to various persons of the lots on which the dwelling-house was constructed; and that various other persons obtained judgments against *Close.* The amounts and dates of these incumbrances are stated; some of the incumbrances are older and some younger than the lien of the complainant. The defendants to the bill are *Close* and his wife and the incumbrancers. The prayer of the bill is, that an account of the complainant's claim be taken; that the dwelling-house, and the interest of *Close* in the lots upon which it stands, be sold, &c.; and for general relief. The bill was filed on the *tenth* day of *July,* 1841.

Some of the defendants were defaulted, and the bill taken as confessed against them; others appeared but did not an-

swer, plead, or demur. The Court, without any testimony whatever, found a certain sum to be due to the complainant for lumber furnished for the construction of the dwelling-house; and decreed that *Close* pay that sum to the clerk of the Court within sixty days; or in default thereof, that the sheriff sell the dwelling-house, and the interest of *Close* in the lots on which it stands, at public auction, &c.; that out of the avails of the sale, the sheriff first pay the complainant his debt, and pay the costs of suit, and the overplus, if any, into the clerk's office to abide the order of the Court. There was also a decree for costs against all the defendants.

This decree cannot be sustained.

The statute, which governed this cause, required the bill to be filed within one year from the time of furnishing the materials for the construction of the dwelling-house, on account of which the lien is claimed. R. S. 1838, p. 412. The decree was rendered upon the statements in the bill without proof. The statement with regard to the times of furnishing the materials is very indefinite. The statement is, that the materials were furnished, at several times, between the *first* day of *April* and the *first* day of *September*, 1840. This might be true, and still more than a year have elapsed between the delivery of the last lumber furnished, and the *tenth* day of *July*, 1841, when the bill was filed. When the allegations of a bill are uncertain and indefinite, though taken as confessed, no decree should be rendered, unless the uncertainty be removed by evidence. *Pegg* v. *Davis*, 2 Blackf. 281. The bill or the proof should have shown, conclusively, that the bill was filed within one year after the last lot of timber was furnished.

It was also erroneous to decree that the complainant should be first paid out of the proceeds of the sale ordered by the Court. The bill shows that several of the defendants held incumbrances upon the lots ordered to be sold, older than the lien of the complainant. These incumbrancers, in the order of the dates of their liens, should have had preference to the complainant.

There was error also in decreeing costs against all the defendants. The incumbrancers were not in fault, and should not have been taxed with the costs.

Nov. Term,
1846.

Had any decree been authorized, it would have been proper for the Court to decree a foreclosure of the. equity of redemption, in respect to the several mortgages mentioned in the bill, though that is a matter not involved·in this writ of error.

It is proper to remark, that *Andrew S. Patterson* and *Edmund W. Cunningham*, against whom a default was entered, are not parties to the bill. *Elmore W. Cunningham* is a party named in the bill, but nowhere else in the record.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. Ryman* and *P. L. Spooner*, for the plaintiffs.
*J. T. Brown* and *E. Dumont*, for the defendant.