ANTHONY C. WELCH *et al.*

*v.*

HENRY SHERER *et al.*

1. MECHANIC'S LIEN—*work not done in accordance with plans.* Although work done on a building by a sub-contractor may not be exactly according to the plans and specifications referred to in the original contract, yet if it as a whole is done to the satisfaction of the owner of the property, except in a few minor matters, which the sub-contractor offers to correct, and is prevented from so doing by the owner, and the cost of such correction is trifling, the

sub-contractor may enforce his lien, and defects not arising from the execution of the work, but from the architecture, will not defeat the lien.

2. Same—*estoppel.* If the owner of a building, when called on by a sub-contractor to state the original contract, neglects to do so, but promises to see that the sub-contractor is paid for his work, which is performed on the faith of such assurance, such owner will be estopped from setting up as against the sub-contractor a provision in the contract for payment in land, or from setting up that the principal contractor had been fully paid.

Appeal from the Superior Court of Cook county; the Hon. Samuel M. Moore, Judge, presiding.

Mr. Fred L. Kimmey, for the appellants.

Mr. E. A. Crane, for the appellees.

Mr. Justice Dickey delivered the opinion of the Court:

Appellees filed a bill in the Superior Court of Cook county, to enforce a mechanic's lien as sub-contractors under a contract with Peter McNally, against Anthony C. Welch, the owner of a lot in the city of Chicago, Elijah C. Cole, a mortgagee holding a mortgage upon the same, and Peter McNally, the original contractor. A decree establishing a lien in favor of appellees was entered, to reverse which an appeal was taken to this court.

It appears, from the evidence, that Welch entered into a contract in writing with McNally, as follows : " This agreement, made and concluded this 26th of September, 1876, between Anthony Welch, and Peter McNally & Co., witnesseth, that the said Peter McNally & Co. agree to build a building on the southwest corner of West Fourteenth street and Laflin, according to certain plans and specifications, for the sum of $2375, to be paid as follows: A piece of land in Iowa, being southeast quarter section 30, township 81, range 28 west, in Dallas county, for $500, and $1875 cash, in payments as follows: $450 cash when first floor joists are laid, $450 cash when the roof is on, $450 cash when the building is plastered, and $525 when the building is completed. In case said Welch

5—93 Ill.

shall pay said McNally & Co. the sum of $500 on or before the first day of January, 1877, then the said Welch shall not deed the said land in Iowa; but if not paid for at that price, the land shall be deeded. The said building shall be completed in full by December 1, 1876, and to be done in a good workmanlike manner. In witness whereof the parties hereto have set their hands and seals, this 26th day of September, 1876.          ANTHONY WELCH,
          PETER MCNALLY & Co."

It further appears that Welch had paid on the contract, at the time notice was served on him by appellees, the sum of $2122.82.

Appellees made three verbal contracts with Peter McNally, one to furnish the lumber, sash, doors, blinds, mouldings, casings, etc., for the building, for $356 ; the second, to furnish certain other material for the building, amounting to $76.40 ; the third, for finishing the house, $65. Appellees, from time to time, received money, as the building progressed, amounting to about $210, and claim as now due them $278.81.

The building was completed in due time, but Welch was not satisfied with the stairs, the skylight, and some minor details, and claimed that they were not done in accordance with the plans and specifications. A dispute arose on this account, and very naturally, too, for it does not appear that the plans were satisfactory to any one connected with the work. There were two sets of plans, and neither seems to have been strictly adhered to. The evidence is incomplete in not showing what the plans were; but it clearly shows that the work as a whole was done to the satisfaction of McNally and Welch, except in a few minor matters, which appellees were willing and offered to correct, and were prevented from correcting by Welch, and that the cost of such corrections would be about $6.

The appellant Welch sought to charge appellees with the defective construction of a stairway ; but this can not be allowed, for the testimony of all the witnesses on that point

shows that the difficulty is not in the workmanship in the construction of the stairs, but in the location of the partitions of the building. The fault is in the architecture, and not in its execution.

The main question for decision in the case is, whether Welch, at the time the lien notices were served upon him, owed McNally, the contractor, anything on the contract, and if so, whether land or money.

It appears that appellees requested Welch to inform them of the terms of the contract between him and McNally, but he neglected to do so, simply saying to them that he would see them paid. Appellees never heard about a payment for the work in Iowa land until after the work was done, and then it was from McNally they obtained that information. Frequently during the progress of the work they held conversations with Welch, and although he spoke about payments on various occasions, he never intimated that part of the contract price was to be paid in land. That feature of the contract was not mentioned to appellees by either Welch or McNally until after they had completed their work.

It is contended by appellees that Welch abandoned the provision in his contract in regard to part payment in land, and availed himself of the privilege of paying in money instead, and therefore can not resist the payment of the entire contract price in money. But in the view which we take of the law it is not necessary to discuss the correctness of that position.

The statute contains no provision which requires the owner or the original contractor to reveal to a sub-contractor the terms of the contract between the owner and the original contractor. And yet the rights of the sub-contractor to a lien for work done or material furnished depend upon that contract. The rights of the sub-contractor are undoubtedly dependent upon the terms of the contract between the owner and the original contractor, so far as his relations to the owner and his claims against the land are concerned. It may not be the duty of the owner to inform the sub-contractor of the terms

of the original contract, but when called upon by the sub-contractor to do so he is not at liberty to mislead him as to the conditions of that contract, in so far as they may bear upon the rights of the sub-contractor.

The owner can not be allowed, after assuring him that he would be paid for his work when it was done, and after permitting him upon the faith of such assurance to do work, to set up against the claim of the sub-contractor a provision in the original contract for payment in a mode which is foreign to the generally accepted meaning of the word, or to set up that the principal contractor had been fully paid. Payment may be made in land, if such be the contract; but payment for service or goods, in the absence of special contract, is to be made in money.

The appellees, from the conduct and conversation, had a right to expect payment in money, and not in land. The statements of Welch, the owner, gave them to understand that such was to be the mode of payment, and that a sufficient sum remained unpaid to the original contractor to cover their claim. He is now estopped to deny that, upon the faith of which appellees acted.

As between Welch and McNally, the parties to the original contract, a different rule may prevail; but in view of the evidence, Welch shall not be heard to say, in answer to the claim of the sub-contractors, that he does not owe McNally, or that he owes McNally land, and not money.

It appears from the proofs, also, that there is still unpaid of the contract price sufficient to pay the just demands of complainants. The court below entered a decree in favor of appellees for $225. This decree in this regard is sustained by the evidence. It is insisted that the notice in writing served on Welch was not a compliance with the statute. The proof is satisfactory that a second notice was served, and in apt time—to which the exceptions taken do not apply.

The decree is affirmed.

*Decree affirmed.*