Scott *et al. v.* Goldinghorst.

## No. 14,093.

## SCOTT ET AL. *v.* GOLDINGHORST.

MECHANIC'S LIEN.— *On Married Woman's Separate Estate.— Pleading.— Husband Made Party.—Demurrer.*—The rule that a complaint must state facts sufficient to constitute a cause of action against all who are made defendants, does not apply to one who is made a party to a foreclosure or other suit of an equitable character, or in the nature of a proceeding *in rem* to answer to his supposed or possible, but unknown or undefined interest in the property to be affected by the litigation. Hence, in an action to foreclose a mechanic's lien against a married woman's separate estate, the husband being made a party to answer to any interest he may have in the land, it is not error to overrule the husband's separate demurrer to the complaint.

SAME.— *Uncompleted Building.—Lien for Work upon.*—Laborers and material men who are employed to do work or furnish material, with the purpose of the employer, then formed, to continue the work to the completion of a building for which the foundation is thus being prepared, are entitled to acquire a lien under the statute. If the work be done or materials furnished for the use or purpose designated in the statute, the right to acquire a lien is complete, and the right to a lien will not be defeated because the owner may for any reason fail to complete the work.

SAME.—*Notice.—Land Included.*—The notice to acquire a mechanic's lien does not, by including more land than is necessary to discharge the lien, render the lien invalid, nor does it render it necessarily indefinite.

SAME.—*Release of Lien.—Recovery of Personal Judgment.—Taxation of Costs.*— Where, in an action to enforce and foreclose a mechanic's lien upon real estate, the property is released from the lien, which is valid, by the execution of an undertaking pursuant to the statute, and a personal judgment is recovered for less than fifty dollars, the original demand being for less than that amount, the defendant is not entitled to have the costs taxed against the plaintiffs, such action not being within the provisions of section 591, R. S. 1881, regulating the subject of costs in certain actions for money demands on contracts.

SAME.—*Notice Creating Lien.—Exhibit.*—The original, or the copy of a notice creating the lien, must be exhibited with or made part of the complaint.

From the Fulton Circuit Court.

*S. Keith,* for appellants.

*M. S. Essick* and *O. F. Montgomery,* for appellee.

MITCHELL, C. J.—This is an appeal from a judgment rendered by the Fulton Circuit Court in favor of John Goldinghorst against Mary R. and Emmett H. Scott.

The plaintiff alleged in his complaint that Mary R. Scott was the owner of certain specifically described real estate in Fulton county, and that she was indebted to him in a specified sum for work and labor done at her special instance and request, in building a brick foundation for a large barn on the real estate described. It is alleged that due notice of the intention of the plaintiff to hold a lien on the building and real estate had been given, and that Emmett H. Scott is the husband of the defendant Mary R., and that he is made a party to answer concerning his interest.

The court committed no error in overruling the separate demurrer of the defendant Emmett H. Scott to the complaint. The action was essentially a proceeding to foreclose a statutory lien which the plaintiff was asserting against the separate real estate of a married woman. The husband was made a party to answer to any interest he had or claimed in the land, and for the purpose of cutting off any right or equity of redemption which might be claimed by him.

It is true, as a general rule, that a complaint must state facts sufficient to constitute a cause of action against all who are made defendants. This rule, however, does not apply to one who is made a party to a foreclosure or other suit of an equitable character, or in the nature of a proceeding *in rem,* to answer to his supposed or possible, but unknown or undefined interest in the property to be affected by the litigation.

It is urged, moreover, that the complaint does not state facts sufficient to constitute a cause of action for the foreclosure of a mechanic's lien, because it appears that the work for which the lien is claimed was done upon the foundation of a barn, and it nowhere appears that the barn was ever constructed or completed, or that the purpose to erect it was not abandoned.

It is said, in effect, that the statute authorizes a lien to be taken on the building, and the interest of the owner in the lot or land upon which it stands, and that a foundation without any structure erected upon it does not constitute a building within the meaning of the statute, and that the right to a lien does not attach until a building has been constructed.

We are not impressed with this view of the subject. Mechanics, and all persons performing labor or furnishing materials for the construction or repair of any building, are entitled to hold a lien upon the building and upon the lot or land upon which it stands, by giving notice of their intention to do so, within sixty days from the time the building is completed.

It does not appear upon the complaint whether the barn was completed or not, but if it were conceded that it was not, it would not follow that the laborers and material men, who built the foundation, would be thereby deprived of the right to acquire a statutory lien for their labor and material.

Excavating earth, and constructing a suitable foundation, and work of a similar description, are readily recognized as the commencement of a building. Laborers and material men, who are employed to do work, or furnish material, with the purpose of the employer, then formed, to continue the work to the completion of a building for which the foundation is thus being prepared, are entitled to acquire a lien under the statute. Phillips Mech. Liens, section 154.

If the work be done or materials furnished for the use or purpose designated in the statute, the right to acquire a lien is complete, and the law is not so unjust as to defeat the right to the lien, because the owner may for any reason fail to complete the work. *Neilson* v. *Iowa, etc., R. R. Co.,* 51 Iowa, 184 (33 Am. Rep. 124).

It is contended that the notice is insufficient because the land upon which the foundation for the barn is alleged to have been erected, is described as a certain tract containing one hundred and sixty acres. The contention is, that the

mechanic could not acquire a lien on the entire tract, and that because he did not confine it to some designated quantity, less than the whole, the notice was invalid. This view is not sustained. The notice may include more land than ought to be sold, but it does not render the lien invalid if more is included than is necessary to discharge the lien, nor does it render it necessarily indefinite. *White* v. *Stanton,* 111 Ind. 540; Phillips Mech. Liens, section 388.

After the court overruled the demurrer to the complaint the defendants executed a written undertaking, pursuant to the provisions of Elliott's Supp., section 1698, thereby procuring the property to be released from the lien created by law. There was a personal judgment in favor of the plaintiff below, for $34.87. It is insisted that, for the reasons already referred to, the lien never became effective; that the suit was therefore merely upon a money demand on a contract, and that as the original demand, as well as the amount recovered, was less than fifty dollars, the costs should have been taxed against the plaintiff below. As we have already seen, the plaintiff acquired a valid lien, and although he only recovered a personal judgment because of the filing of the undertaking provided for, he was nevertheless entitled to recover his costs. The essential nature and character of the suit, when it was instituted, was an action to enforce and foreclose a lien upon real estate, and was not merely to recover money due on a contract, and the nature of the action was not changed by anything that occurred during its progress. Such actions do not come within the provisions of section 591, R. S. 1881, which regulate the subject of costs in certain actions for money demands on contracts. Actions to enforce mechanic's liens upon real estate, and for the sale of the land, although somewhat anomalous in character, have always been instituted by a bill in equity in this State, and are, therefore, and from their essential nature, to be regarded as equitable actions. *Close* v. *Hunt,* 8 Blackf. 254; *Willer*

v. *Bergenthal,* 50 Wis. 474 ; Pom. Eq. Jur., sections 171, 1269.

The notice creating the lien, like a mortgage, is regarded as the foundation of the action, and it is required that the original, or a copy thereof, be exhibited with, or made a part of, the complaint. *Wasson* v. *Beauchamp,* 11 Ind. 18 ; *McCarty* v. *Burnet,* 84 Ind. 23.

There is no error.

The judgment is affirmed, with costs.

Filed April 9, 1890.