GEORGE A. JEPHERSON *vs.* ALPHA L. GREEN.

PROVIDENCE—APRIL 7, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Mechanics' Liens. Mortgages. Costs.*

A lien for materials having been established, the master sold the property at auction ; and it was bought by the mortgagee, under a mortgage preceding the lien, for a sum less than the mortgage debt. Upon the question whether the mortgagee should be required to pay enough to cover the necessary expenses of the suit, such as master's and other fees :—

*Held*, that a prior mortgage unimpeached should keep its security intact and should not be reduced by costs for which it was not equitably liable.

*Held*, further, that the only benefit to the mortgagee was the sale, which otherwise he would have had to make under the power, and that the expense of this should be charged against him.

MECHANIC'S LIEN PETITION.    Heard on entry of decree.

STINESS, C. J.    A lien for materials having been established, the master sold the property at auction ;. and it was bought by the mortgagee, under a mortgage preceding the

lien, for a sum less than the mortgage debt. He paid down, according to the terms of sale, ninety dollars, and he now moves for a decree ordering the master to give a deed without further payment and for a return of what he has paid. The question thus presented is whether he should be required to pay enough to cover the necessary expenses of the suit, such as the master's and other fees.

The statute, Gen. Laws cap. 206, § 10, requires mortgagees to be summoned in. It also provides, section 13, that the costs shall in every instance be within the discretion of the court, both as between petitioners and as between each one of them and the respondent.

(1) As stated in this case, 22 R. I. 276, the principal purpose of summoning the mortgagee is to enable a lienor to contest the mortgage, or to ascertain the amount due under it, so that the sale may be free from question as to prior incumbrances. But, since he is made a party to the proceeding, what rule should be followed as to charging him with any portion of the costs?

It is plain, as a general rule, that a prior security should not be impaired, and that one should not be made liable for costs of a suit which he has not instituted and as to which he is in no default. The lienor, having notice of the mortgage by its record, has no cause to complain that it has priority in payment. The lien proceedings are subject to the mortgage. As stated in Phillips on Mechanics' Liens, 3rd ed. § 67 : "Under a different rule it would be possible for a mortgagor to destroy the security by erecting costly improvements, the expense of which the estate improved could not be able to pay ; and therefore the mortgagee is entitled to priority.of payment over the lien of the mechanic for work done after notice of the existence of the prior lien, and the registry of the mortgage is such notice."

It does not always follow that security has been increased because work has been done.

As lien proceedings are based upon statutory provisions differing in details, no rule in this matter is to be found except in most general statement. Thus, 13 Ency. Pl. & Pr.

p. 1047, it is stated that, where the proceedings are equitable in nature, the costs are in the discretion of the court, unless regulated by statute. In *Close* v. *Hunt,* 8 Blackf. 254, it was held that, in lien cases, incumbrancers who were not in fault should not be taxed with costs.

These principles give a fair rule. A prior mortgage, un-impeached, should keep its security intact and should not be reduced by costs for which it is not equitably liable; but costs may be awarded against a mortgagee to the extent that they have been occasioned by his fault or for his benefit. The proceeding is of no advantage to the holder of an undis-puted mortgage, but rather a hindrance; for without it he could sell at once upon default, whereas the suit may cause a delay of months. The work done upon the property may or may not add to its value. In this case, the work done on the property covered by the mortgage was the building of a bank wall almost wholly for the benefit of the adjoining lot, owned by the mortgagor.

It is argued that the costs should come out of the proceeds of the sale, as the fund, as it does in some proceedings in equity. The fund to which the lien attaches is only the sur-plus over prior mortgages, and consequently the surplus only should be liable to costs.

It is also suggested that as the master is an officer of the court, his fees, at least, should be ordered to be paid. The court will order the payment of necessary fees, but it cannot go to the extent of ordering them to be paid by one who is not legally or equitably liable for them. Generally the officer must look to the moving party for costs thereby incurred. In this case the master's fees have been paid, as they should have been, by the petitioner. To require the mortgagee to pay in the purchase money as the fund out of which costs are to be paid, would amount to requiring him to re-imburse the petitioner for costs incurred in an unsuccessful suit from a fund to which the mortgagee alone is entitled by a prior lien. This would clearly be improper. The same principle was stated in *Blackmar* v. *Sharp,* 23 R. I. 412, where mort-gages were given and recorded, before work was begun, for

specified sums which were to be advanced for building houses on the lots mortgaged. This was provided for in a separate agreement and not in the mortgage. The money was paid to the mortgagor from time to time, but he did not pay it all over to the contractors. Hence the question arose whether the mortgages took effect before the liens, except as the money was in fact advanced. This was a new question under our law. The court sustained the mortgages, but considered that, as the mortgagees occasioned all or nearly all the master's services which settled their titles under them, such services were for their benefit as also the expenses of the sale. Accordingly these sums were taken out of their deposit at the sale.

In this case the only benefit to the mortgagee is the sale, which otherwise he would have had to make under his power. We therefore think that the expense of this should be allowed.

An order may be entered exempting the mortgagee from further payment and for repayment to him of the deposit over the proper expenses of the sale.

*E. D. Bassett and H. C. Curtis*, for petitioner.
*Cooke & Angell*, for mortgagee.