THE AMERICAN RADIATOR COMPANY et al. Defendants in
   Error, vs. JACOB L. KESNER, Plaintiff in Error.

*Opinion filed April 23, 1914—Rehearing denied June 4, 1914.*

MECHANICS' LIENS—*when failure of a sub-contractor to give
notice of claim is not prejudicial to the owner.* Failure of a sub-
contractor to give notice to the owner before payments were made
by the owner to the original contractor upon statements in which
the name of such sub-contractor did not appear is not prejudicial
to the owner, where there is enough due on the contract to satisfy
the sub-contractor's claim and where the only defense made by the
owner is a claim for damages against the original contractor for
delay in completing the contract, which defense must be regarded
as waived by the acts of the owner.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. RICHARD S. TUTHILL,
Judge, presiding.

THOMAS W. REILLY, (AARON HEIMS, of counsel,) for
plaintiff in error.

GEORGE H. SIMPSON, for defendant in error the Ameri-
can Radiator Company.

J. S. DUDLEY, for defendant in error the Kellogg-
Mackay-Cameron Company.

Mr. JUSTICE CARTER delivered the opinion of the court:

The American Radiator Company filed a bill to enforce
a mechanic's lien, in the circuit court of Cook county, on
May 19, 1908, against the premises of plaintiff in error for
material furnished for the construction of a building under
a contract made between plaintiff in error and the John A.
Wickum Company for the heating plant of said building.
The Kellogg-Mackay-Cameron Company filed an interven-
ing petition, its claim, also under the contract with the
John A. Wickum Company, being for supplies and material

for said heating plant. An answer was filed by plaintiff in error and the cause was referred to a master in chancery to take testimony, who reported in favor of allowing the claims of both defendants in error. The chancellor entered a decree in accordance with the master's report. On appeal taken to the Appellate Court that decree was affirmed. The case has been brought to this court on petition for *certiorari*.

Plaintiff in error entered into a contract with the John A. Wickum Company to install a heating plant in a building to be erected on Fifth avenue, in Chicago. It is admitted by plaintiff in error that the amount of said contract, with extras furnished thereunder, was $7457.80, of which $3500 has been paid, leaving a balance unpaid of $3957.80. Defendants in error, as sub-contractors, had furnished material to be used in the building of plaintiff in error, for which there was due $1754.75 to the American Radiator Company and $1800 to the Kellogg-Mackay-Cameron Company. It is conceded by plaintiff in error that the material was furnished and used and that the amounts claimed to be unpaid thereon are correct. Plaintiff in error, however, insisted on the trial below that under his contract with the Wickum Company said work should have been completed on or before November 10, 1907, but that it was not completed until about March 1, 1908; that by reason of said delay he was compelled to expend certain sums in re-setting a pump and motor and putting in salamanders to dry the plastering, and was also forced to make certain concessions to tenants. The original contract with the Wickum Company provided that except for certain delays in the completion of the work the responsibility of which would not be upon the contractor, "the damages arising from the non-fulfillment of this contract shall be $50 per day," etc.

It is conceded that the work to be performed by the Wickum Company was not completed until some time in February. Whether this delay was unavoidable or acquiesced in by plaintiff in error is disputed. The architect

for the plaintiff in error, it is true, found fault and made
memoranda as to the delays of the Wickum Company, but
it is also true that the contractor proceeded with the work
after that time and that there were payments made to said
Wickum Company after the complaints were made by the
architect.    The master, the chancellor and the Appellate
Court all found that the Wickum Company was not re-
sponsible for the delay.    The record supports this finding.

On the oral argument in this court counsel for plaintiff
in error stated in open court that he agreed the American
Radiator Company was entitled, on this record, to receive
the amount of its claim.    This being so, Kesner in effect
admits he has no defense against the Wickum Company.
He insists, however, that he is not liable to defendant in
error the Kellogg-Mackay-Cameron Company because the
name of the said last corporation was not mentioned in the
statements of the contractor, the Wickum Company, sub-
mitted to plaintiff in error before the said Kellogg-Mackay-
Cameron Company gave notice of its claim.    Counsel for
said Kellogg Company contend that these statements or af-
fidavits made by the Wickum Company to plaintiff in error
were not in compliance with the mechanic's lien statute.
Conceding, however, for the purposes of this argument, that
these statements were made in conformity with the stat-
ute, plaintiff in error is in no position to urge this defense
against said defendant in error.    The only defense urged
by plaintiff in error is his right to have a set-off against
these claims because of the delay in finishing the contract
within the time required therein.    We have already held
that this defense could not be urged against the Wickum
Company.    There is no defense on this record as to this
question that could be urged against the Kellogg-Mackay-
Cameron Company that could not be urged against the
Wickum Company.    (*Welch* v. *Sherer,* 93 Ill. 64; *Von-
Platen* v. *Winterbotham,* 203 id. 198; *Kelly* v. *Johnson,*
251 id. 135.)    Plaintiff in error was not injured in any

way, therefore, by the failure of the Kellogg-Mackay-Cameron Company to give notice before the last payments were made by plaintiff in error to the Wickum Company on the contract here in question. Not being entitled to set off any damages against the Wickum Company, plaintiff in error cannot do so against the Kellogg-Mackay-Cameron Company, the sub-contractor.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*