MOORE AND RICHTER LUMBER COMPANY *v.* SCHEID.

ET AL.

[No. 9,667.    Filed December 13, 1918.]

1.. STATES.—*School Fund Mortgage.*—*Party in Interest.*—The state is the real party in interest under a school fund mortgage. p. 697.

2. APPEAL.—*Failure of Appellee to File Briefs.*—*Statement of Facts.*—Where no briefs are filed on behalf of appellee, the court on appeal is justified in relying on appellant's statement of what facts the decision of the trial court's denial of the right to a mechanic's lien rested on. p. 697.

3. MECHANICS' LIENS.—*Right to Materialman's Lien.*—*Use of Materials.*—The mechanic's lien statute rests on the principle that

one who furnishes labor or material for the improvement of property is entitled to look to that property for his compensation, and a materialman claiming a lien must ordinarily show that his materials were furnished for and were actually used in the erection, alteration or repair of the building against which the lien is asserted. p. 697.

4. MECHANICS' LIENS.—*Right to Materialman's Lien.—Use of Materials.*—It is not always necessary for one asserting the right to a materialman's lien to show that the material furnished actually went into the building for which it was furnished, since the circumstances in a particular case, especially where the material was furnished to the owner of a building to be used therein, may estop such owner, in a foreclosure suit, from invoking the general rule. p. 698.

5. MECHANICS' LIENS.—*Materialman's Lien.—Material Furnished But Not Used.—Estoppel.*—Where the trial court found specially that plaintiff furnished materials directly to an owner of realty on his promise to use it in the construction of his dwelling house and on the security of that building and the realty on which it was being erected, and that the owner diverted the material to other use without the knowledge or consent of plaintiff, the owner · was estopped from relying on the general rule that a materialman claiming a lien must ordinarily show that his materials were actually used in the building against which the lien is asserted. p. 698.

6. APPEAL.—*Review.—Disposition of Case.—New Trial.*—Where appellant asks that the trial court be directed to restate its conclusions of law on the facts found and render judgment accordingly, but the record discloses that the rights of other parties might thus be improperly affected, the ends of justice are better served by ordering a new trial as authorized by §702 Burns 1914, §660 R. S. 1881. p. 699.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by Moore and Richter Lumber Company against Adolph Scheid and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Darrow & Rowley* and *F. M. Trissal,* for appellant.

HOTTEL, J.—Appellant instituted this action to foreclose a mechanic's lien on certain real estate in LaPorte county owned by appellee Adolph Scheid.

The trial court made a special finding of the facts in issue, and stated its conclusions of law thereon to the effect that appellant is entitled to recover from Scheid the sum of $406.13 for materials furnished, but is not entitled to a foreclosure of its alleged lien. So far as material to the present inquiry the findings of fact show that on November 26, 1913, appellant and appellee Scheid entered into a verbal contract, wherein appellant agreed to furnish lumber and building material for the completion of a dwelling house on real estate owned by Scheid; that thereafter, on various dates beginning with January 20, 1914, and ending with November 16, 1914, appellant did furnish to said Scheid lumber and other material for use in the construction of said dwelling house, and all of such lumber and material was in fact used by Scheid in the construction of said building, except the material furnished on August 11, October 6, and November 16, 1914, which are the last three dates on which any material was furnished; that the material furnished on these dates was used by Scheid in the construction of other buildings and on real estate other than that described in appellant's complaint, all without appellant's knowledge or consent; that appellant, in furnishing and delivering material under dates of August 11, October 6, and November 16, 1914, understood and believed that the same was to be used by Scheid in the construction of his dwelling house, in accordance with the contract of the parties, and delivered the same with that understanding; that on December 3, 1914, appellant filed a proper notice of an intention to hold a mechanic's lien on the real estate in question, and instituted this action within one year thereafter; that on July 2, 1914, Adolph Scheid and Rose

Scheid, his wife, executed to the State of Indiana and delivered to the auditor of LaPorte county a mortgage on said real estate for the use of the common school fund in the sum of $1,200, which is unpaid; that said mortgage was duly recorded in the School Fund Mortgage Record on July 3, 1914, and the $1,200 received from the school fund was applied on the payment of labor and materials used in the construction of Scheid's said dwelling house.

In bringing this action, appellant has named as parties defendant, in addition to the owners of the real estate, the auditor and board of commissioners of LaPorte county, the county itself, and the trustees of the common school fund. The decision of the trial court does not directly involve the issue of priority as between appellant's alleged lien and the school fund mortgage, but in view of the conclusion which we have reached, that issue will doubtless arise on a retrial of the case, we deem it proper, at this time, to call attention to the fact that the state is the real party in interest under a school fund mortgage. *Snodgrass* v. *Morris* (1890), 123 Ind. 425, 426, 24 N. E. 151; *Crooks* v. *Kennett* (1887), 111 Ind. 347, 350, 12 N. E. 715. In this connection, see *Hogston* v. *Bell* (1916), 185 Ind. 536, 548, 112 N. E. 883.

In the present appeal no briefs have been filed on behalf of appellees, and we are justified, therefore, in relying on appellant's statement that the decision of the trial court, in so far as it denies the right to a lien, rests on the fact that the material furnished to Scheid within the sixty days prior to December 3, 1914, did not actually go into the construction of the building for

which it was furnished. The mechanic's lien statute rests on the principle that one who furnishes labor or material for the improvement of property is entitled to look to that property for his compensation, and "a materialman claiming a lien must *ordinarily* show that his materials were furnished for and were actually used in the erection, alteration or repair of the building against which the lien is asserted." (Our italics.) *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 519, 86 N. E. 837, 131 Am. St. 267, and cases cited. However, it is not *always* necessary to show that the material furnished actually went

4. into the building, since the circumstances in a particular instance, especially where, as in the present case, the material was furnished to the owner of the building to be used herein, may be such as to estop such owner in a foreclosure suit from invoking the general rule. *Totten & Hogg Iron, etc., Co.* v. *Muncie Nail Co.* (1897), 148 Ind. 372, 47 N. E. 703; *Smith* v. *Newbaur* (1896), 144 Ind. 95, 105; 42 N. E. 40, 1094, 33 L. R. A. 685; *Scott* v. *Goldinghorst* (1890), 123 Ind. 268, 270, 24 N. E. 333; *Hill* v. *Braden* (1876), 54 Ind. 72, 76; *City of Crawfordsville* v. *Barr* (1873), 45 Ind. 258, 261; *Welch* v. *Sherer* (1879), 93 Ill. 64, 67.

In this case the trial court has found specially that appellant furnished the material in question directly to the owner of the real estate on his promise

5. to use the same in the construction of his dwelling house, and on the security of that building and the real estate on which it was being erected. It further finds that Scheid diverted this material to other use without the knowledge or consent of appellant. These circumstances are sufficient to estop him from relying on the rule which has evidently

guided the trial court in its decision and that decision must be reversed.     Appellant asks that the circuit court be directed to restate its conclusions of law on the facts found and to render judgment accordingly, but, as the record discloses that the rights of other parties might thus be improperly affected, we believe that the ends of justice will be better served through the granting of a new trial.  §702 Burns 1914, §660 R. S. 1881; *Kitchell* v. *Schneider* (1913), 180 Ind. 589, 594, 103 N. E. 647; *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, 667, 64 N. E. 92.

Judgment reversed, with instructions to grant a new trial, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 121 N. E. 91.  Mechanics' liens: material furnished for structure, but not actually used therein, as basis of lien, showing necessary, 31 L. R. A. (N. S.) 746, L. R. A. 1918D 1041, 27 Cyc 46.