## COONSE AND CAYLOR ICE COMPANY *v.* HOME STOVE COMPANY.

[No. 9,595. Filed December 19, 1918. Rehearing denied March 14, 1919. Transfer denied May 16, 1919.]

1. MECHANICS' LIENS.—*Subcontractors and Materialmen.—Right to Lien.*—The mechanics' lien statute gives to the subcontractor, laborer and materialman an absolute lien for material, or labor, and such lien is not affected by the mere failure of the principal contractor to perform his contract, or by the cancellation or rescission thereof, or by the removal of the work or payment of the principal contractor. p. 229.

2. PLEADING.—*Answer.—Grounds of Demurrer.*—In a subcontractor's action to foreclose a mechanic's lien for the installation of certain parts of a stoker, an answer is not demurrable on the

ground that it proceeds both upon the theory of a counterclaim and an answer, if the pleading contains averments sufficient under either theory. p. 231.

3. FRAUDS, STATUTE OF.—*Default of Third Person.—Subcontractor's Guaranty.*—In a subcontractor's action to foreclose a mechanic's lien, where defendant answered that the plaintiff was a party to, and a partner in, the principal contract, and was to share in the profits, and that he had guaranteed that a certain appliance to be installed in defendant's factory by the principal contractor would do the work for which it was sold, the answer was good, even though the guaranty was not in writing, since, under the facts alleged, it was not a promise to answer for the debt, default or miscarriage of another. p. 232.

4. MECHANICS' LIENS.—*Lien of Subcontractor.—Defenses.—Removal of Material Furnished.*—Where, in a subcontractor's action to foreclose a mechanic's lien, defendant set up that plaintiff was in fact a partner of the principal contractor and was to share in the profits of the principal contract, and had guaranteed that the appliance to be installed in defendant's factory would do the work for which it was sold, it was a defense that the materials furnished by plaintiff had been removed, as not complying with the guaranty. p. 232.

From Marion Superior Court (93,615); *Linn D. Hay,* Judge.

Action by the Home Stove Company against the Coonse and Caylor Ice Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Clarke & Clarke,* for appellant.
*Delos A. Alig,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor for $324.79 and for the foreclosure of a mechanic's lien. The issues of fact are presented by an amended complaint and an answer in three paragraphs, the first of which is a general denial.

The trial court overruled a demurrer to the complaint, sustained a demurrer to the third paragraph of answer, and overruled a motion for new trial. Each

of these several rulings are separately assigned as error and relied on for reversal.

In support of its contention that error is presented by the ruling on the demurrer to the complaint, it is contended in effect that such complaint is bad because of the absence of a showing that the terms of the contract between appellant and the principal contractor were complied with; that this is so because appellee, a subcontractor, is bound by the terms of the principal contract.

It is also insisted that such complaint is bad because of the absence of any averment showing that anything is due the principal contractor on his contract.

As pertinent to the question involved in the last contention, it may be said that authority can be found that apparently gives support to appellant's contention. It should be noted, however, in this connection that what may appear to be conflict in the decisions affecting said question, in the main, results from the difference in the system of mechanic's lien laws in the different jurisdictions from which the decisions emanate. In New York and other jurisdictions which follow what is sometimes called the "New York System," no one except the principal contractor acquires an absolute lien on the real estate upon which the improvement is made, and the rights of the subcontractor, laborer and materialman are acquired by a kind of equitable subrogation secured by written or record notice to the owner of their unpaid claims, and the lien thus acquired imposes upon the owner the duty of retaining such funds as are in his hands belonging to the contractor at the time of such notice. In such jurisdictions the subcontractor, laborer and

materialman are limited in their recovery to the amount due from the owner to the contractor. Phillips, Mechanic's Liens §33a; 27 Cyc 89; 20 Am. and Eng. Ency. Law (2d ed.) 446.

Indiana, however, has adopted what is known as the "Pennsylvania System," in that our statute gives to the subcontractor, laborer and materialman an absolute lien for the material, or labor, furnished in accord with the provisions of the act and asserted and created in the manner provided therein, and a lien so acquired is not affected by the mere failure of the principal contractor to perform his contract, or by the cancellation or rescission thereof, or by the removal of the work or payment of the principal contractor. *Totten, etc., Co.* v. *Muncie Nail Co.* (1897), 148 Ind. 372, 47 N. E. 703; *Smith* v. *Newbaur* (1896), 144 Ind. 95, 42 N. E. 40, 1094, 33 L. R. A. 685; *City of Crawfordsville* v. *Johnson* (1875), 51 Ind. 397; *Colter* v. *Frese* (1873), 45 Ind. 96; *Taylor* v. *Murphy* (1892), 148 Pa. St. 337, 23 Atl. 1134, 33 Am. St. 825; *O'Driscoll* v. *Bradford* (1898), 171 Mass. 231, 50 N. E. 628.

The averments of the complaint pertinent to the question involved in appellant's first contention, *supra*, are as follows: "The said National Stoker Company contracted with this plaintiff for it to make the steel and iron parts of said stoker in accordance with its said contract with the defendant and to deliver and assemble the same in the boiler house of the defendant on the real estate herein described. That said plaintiff specially manufactured the steel and iron parts of said stokers in accordance with the plans and specifications of the original contract and of its subcontract with the National Stoker Company

and furnished, delivered and assembled the same in the boiler house of the defendant on the real estate herein described.'' These averments bring the complaint fairly within the law as declared in the cases *supra.* See, also, *Newcomer* v. *Hutchings* (1884), 96 Ind. 119, 122; 27 Cyc 100, 105.

The averments of appellant's third paragraph of answer are in substance as follows: It admits ownership of the real estate involved, and that it entered into a contract with the National Stoker Company, whereby it agreed to furnish the material and perform the labor necessary to the construction and installation of an improved coal burning device or stoker, in appellant's boiler building. It is then alleged in effect that appellee at all times knew the terms of said agreement and the use to which said stoker device was to be applied; that prior to the execution of the principal contract the appellee represented to appellant that it was well acquainted with said devise and knew that it would perform the work represented by said stoker company, and appellee guaranteed that such stoker would in all things comply with the purposes for which it was to be installed, and thereby induced appellant to enter into said principal contract; that, at the time of the making of the principal contract, appellee was a partner of such principal contractor, and had then entered into a contract with it whereby it was to share in the profits of said sale to appellant, and at the time of the execution of the principal contract appellee was in fact a party therein, and that such principal contract was in fact a contract between appellant and appellee; that appellee and the stoker company furnished and installed said stoker in appellant's plant, and appel-

lant in all things complied with the terms of said contract and permitted said stoker to be installed and fully tried and tested, and it did not perform the work guaranteed by said contract and by appellee; that, on account of such failure, it became necessary to remove said stoker from said building, and all parts thereof were removed from such building, and no material furnished by appellee, or any other person in connection with said stoker, now forms any part of said building; that said stoker when first installed was installed on trial, and under said agreement was not to become a permanent part of said building unless entirely satisfactory to this defendant; that, after the removal of said stoker from said building, appellee directed appellant to pay certain sums of money to the stoker company, all of which were paid as directed and have been lost by appellant; that appellee was induced to install said stoker wholly by the representations of plaintiff; that appellee without right caused notice of its lien to be filed, etc.; that said lien is without right and is unfounded and a cloud upon appellant's title, etc.   Judgment for $........, and that the lien be ordered released, is asked.

In support of the ruling on said demurrer, it is contended by appellee that the answer is bad for duplicity and appears to proceed both upon the theory of a counterclaim and an answer.   While the pleading may be subject to criticism in the respects indicated, said objections thereto will not justify the court's ruling on said demurrer, if in fact such answer contains averments sufficient either as a counterclaim or answer.

Appellee insists, however, that said pleading does

not contain the averments necessary to make it good, either as an answer or counterclaim. This contention, in the main, seems to be based upon the assumption that the guaranty relied upon in said answer is a promise to answer for the debt, default or miscarriage of another, and hence must have been in writing. The averments of the answer do not justify said assumption. On the contrary, said averments show that appellee was in fact a party to, and a partner in, said principal contract and was to share in the profits thereof, and his guaranty was in effect that the stoker to be installed by the principal contractor was fit for and would answer the purposes and do the work for which it was sold.

It is also insisted that it is no defense that the material furnished by appellant had been removed. This would be true if appellant occupied the position of an independent subcontractor, but, as before stated, the averments of said answer clearly make him a party to the principal contract, and show further that said stoker was in effect guaranteed to perform the work for which it was sold; that it was installed on trial with the understanding that it was not to become a permanent part of said building unless entirely satisfactory to appellant, and that appellee was a party to said agreement. These facts make a case very different from the cases involved in the authorities cited and relied on by appellee. It seems to us clear that the answer here involved contains averments sufficient to show a good defense to appellee's cause of action, and hence that error resulted from the overruling of the demurrer thereto.

This conclusion makes it unnecessary to discuss or determine the questions presented by the ruling on the motion for new trial.

For error in sustaining the demurrer to said answer, the judgment of the trial court is reversed, with instructions to such court to overrule said demurrer, and for further proceedings not inconsistent with this opinion.