JACKSON ET AL. *v.* J. A. FRANKLIN & SON ET AL.

[No. 16,224.  Filed October 17, 1939.]

*John D. Wilson,* and *Kenneth C. Henshaw,* for appellants.

*Bowen & Mendenhall,* and *Ford & Brown,* for appellees.

DUDINE, J.—This was an action by appellees against appellants to recover for lumber furnished by appellees and to be used in the construction of a barn upon appellants' premises and to foreclose an alleged materialman's lien securing the payment for said lumber.

The complaint was an ordinary form of complaint to foreclose a materialman's lien. Appellants filed an answer in general denial.

Before this cause was submitted for trial, appellants tendered the sum of $325.00 to the clerk of the court as an undertaking to pay any judgment rendered in this cause and filed a petition requesting the court to order the clerk to accept said money and hold the same in lieu of said alleged materialman's lien. The court having found that said sum was adequate to pay any judgment that might be rendered in the cause ordered that said money be held and retained by the clerk, and ordered further that upon completion of the cause, the clerk should apply said sum to the payment of any judgment that might be rendered against appellants in the cause. The court further ordered that said claimed materialman's lien be released.

The cause having been submitted to the court for trial, the court found for appellees that they should recover from appellants the sum of $226.20 for said lumber and the further sum of $50.00 for their attorney's fees, and that appellees have a lien on said funds in the possession of the clerk.

The court rendered judgment in "the sum of $276.20" and ordered that the judgment be paid out of said funds, and that the balance thereof be refunded to appellants.

This is an appeal from said judgment. The sole error assigned upon appeal is contended error in overruling a motion for new trial filed by appellants.

The grounds for new trial properly assigned and discussed in appellants' brief are: (1) the decision is contrary to law; (2) the decision is not sustained by sufficient evidence; and (3) error in the assessment of the amount of recovery in that the amount is too large.

The evidence shows that appellants owned the real estate in question. On August 22, 1936, appellant, G. Earl Jackson, entered into a contract with Harry Wilson to build a barn on appellants' premises, said Wilson to furnish all labor, material, and equipment. A few days later said Wilson entered into a contract with appellees to furnish certain lumber to be used in the construction of said barn and to be delivered to appellants' premises when called for by said Wilson. The foundation for said barn was completed in the fall of 1936. In February, 1937, Wilson became disabled and on account of his disability he could not thereafter construct or supervise the construction of the barn. On May 7, 1937, appellant, G. Earl Jackson, entered into a written agreement with said Wilson whereby Wilson was "to pay Earl Jackson the sum of one hundred dollars ($100.00) as damages for release from the labor portion of the original contract," it being provided in the agreement that Wilson was still obligated by the original contract to furnish all lumber and materials necessary to complete the barn. Appellees delivered the lumber in question to appellants' premises upon the order of Wilson. The last load was delivered on July 12, 1937. On the next day, July 13, 1937, appellees filed notice of their intention to claim a materialman's lien. Thereafter, appellant, G. Earl Jackson, in the pres-

ence of his wife, appellant, Virginia Jackson, discussed with appellee, Chester H. Franklin, the matter of paying for the lumber and told appellee, Chester H. Franklin that they (appellants) did not intend to pay for the lumber, but told him not to remove any of it from their premises. In December, 1937, appellants sold and conveyed the farm. The barn was never completed and the lumber furnished by appellees was not used but remained in the same form it was in when delivered.

Appellants contend that the decision is contrary to law because the evidence conclusively shows that the lumber was not used in the construction of an improvement upon the farm.

"The general rule is that in order to acquire a lien under our statute it is necessary for the materialman to show that the improvement was made by the authority of the owner of the real estate, and that he furnished the material for the building, and that such material was used in the building, and that within the time prescribed by the statute he filed in the office of the recorder of the county the proper notice of his intentions to hold such a lien. *Clark* v. *Huey,* 12 Ind. App. 224." *Barnett* v. *Stevens et al.* (1896), 16 Ind. App. 420, p. 430. 43 N.E. 661, 45 N.E. 485.

"The mechanic's lien statute rests on the principle that one who furnishes labor or material for the improvement of property is entitled to look to that property for his compensation and 'a materialman claiming a lien must *ordinarily* show that his materials were furnished for and were actually used in the erection, alteration or repair of the building against which the lien is asserted'." *Moore and Richter Lumber Company* v. *Scheid* (1918), 68 Ind. App. 694, 698, 121 N.E. 91.

It is not *always* necessary to show that the material

went into the building. Circumstances in a given case may be such that the owner of the building is estopped from invoking the general rule. See *Moore and Richter Lumber Company* v. *Scheid,* supra and cases therein cited.

In *Scott et al.* v. *Goldinghorst* (1890), 123 Ind. 268, 270, 24 N.E. 333, it was contended in effect that a mechanic's lien is not established until the building is completed, or where the owner abandons the construction of the building after laying the foundation. In that case the work for which the lien was claimed was done upon the foundation. Our Supreme Court said with reference to said contention:

"We are not impressed with this view of the subject. . . .

"It does not appear upon the complaint whether the barn was completed or not, but if it were conceded that it was not, it would not follow that the laborers and material men, who built the foundation, would be thereby deprived of the right to acquire a statutory lien for their labor and material. * * Laborers and material men, who are employed to do work, or furnish material, with the purpose of the employer, then formed, to continue the work to the completion of a building for which the foundation is thus being prepared, are entitled to acquire a lien under the statute. Phillips Mech. Liens, section 154.

"If the work be done or materials furnished for the use or purpose designated in the statute, the right to acquire a lien is complete, and the law is not so unjust as to defeat the right to the lien, because the owner may for any reason fail to complete the work. *Neilson* v. *Iowa, etc., R. R. Co.,* 51 Iowa, 184 (33 Am. Rep. 124)."

To the same effect see *Totten & Hogg Iron, etc., Co.* v. *Muncie Nail Co. et al.* (1897), 148 Ind. 372 47 N.E. 703; *Moore, etc., Lumber Company* v. *Scheid,*

supra; *Coonse, etc., Company* v. *Home Stove Company* (1919), 70 Ind. App. 226, 121 N.E. 293.

There is some dispute in the evidence as to whether or not sufficient lumber and materials were delivered to appellants' premises to complete the barn, but there is ample evidence in the record to support the finding that there was sufficient lumber and materials furnished. The evidence clearly shows that appellants intended to build the barn and to use the lumber which appellees agreed to furnish. Appellees did all they were required by the statute to do to entitle them to a lien. It would be unconscionable to hold that appellants by changing their mind after the lumber was furnished and then deciding not to complete the barn could defeat the statutory right of lien which appellees had acquired. That is peculiarly true here in view of the fact that much of the lumber furnished by appellees was dimension lumber of unusual dimensions.

The question of law which we have discussed is also presented under the ground for new trial that the decision is not sustained by sufficient evidence. It is not necessary that we discuss said question with particular reference to said ground for new trial.

Appellants contend further, that title to the lumber did not pass to the appellants and therefore there can be no lien in favor of appellees against appellants, citing *Barnett* v. *Stevens,* supra.

Section 43-701 et. seq. Burns 1933, § 10505 et. seq. Baldwin's 1934, provide for the establishment of materialmen's liens and they do not require the passage of title in the material from the materialman or to the owner of the building. No reference whatever is made in said statutes to such passage of title. Appellants' said contention is not

supported by the *Barnett* v. *Stevens* case, supra, and is not tenable.

Appellants contend further under said grounds for new trial that the trial court in the instant case rendered a personal judgment against them and that in an action by a sub-contractor against the owner of the real estate involved to foreclose a materialman's lien, where no promise by the owner to pay the sub-contractor is shown and § 43-709 Burns 1933, § 10512 Baldwin's 1934, is not complied with, relief is limited to the foreclosure of such lien, citing *Crawford* v. *Crockett* (1876), 55 Ind. 220.

The judgment in the instant case does provide that "plaintiffs recover from the defendants the sum of $276.20 . . .'' but it further provides that the judgment attach to the sum of $325.00, which had theretofore been deposited by the appellants with the Clerk of the Court as an undertaking to pay any judgment rendered in this cause. It is clear the judgment in the instant case is not *in fact* a personal judgment against appellants. If the judgment is defective in that respect, it is a defect in form only, and not a defect in substance. This court will not reverse a judgment on account of a defect in the form thereof. § 2-3231 Burns 1933, § 505 Baldwin's 1934.

Under the ground for new trial that the court erred in the assessment of the amount of recovery in that the amount was too large, appellants call our attention to the fact that there was no evidence introduced showing the value of the services of appellees' attorneys and appellants contend that in the absence of such evidence there could be no recovery for appellees' attorney fees. We have searched the record for such evidence but have found none.

Appellees contend that "a court is itself an expert

as to the value of attorneys' services and may apply its own knowledge and professional experience in arriving at the amount to be allowed an attorney for services in an action to foreclose a mechanic's lien'' and cite *Dunn* v. *Deitschel et ux.* (1932), 204 Ind. 269, 169 N.E. 529, in support of such contention. Similar language was used in said case, but it was used with reference to a case where there *was some evidence* as to the value of attorneys' services. In that case our Supreme Court was not concerned with the question whether or not *some* evidence on the subject was necessary to support a judgment for attorney's fees, but the question before the court was *whether or not the court was bound by the evidence of an expert witness on that subject, his testimony being uncontradicted.*

The case of *Winslow Gas Co.* v. *Plost* (1919), 69 Ind. App. 611, 122 N.E. 594, is in point and sustains appellants' said contention. In *Dunn* v. *Deitschel,* supra, our Supreme Court recognized such a rule of law by use of the following language (p. 271): ''We agree that under this (mechanic's lien) statute a plaintiff who recovers a judgment is entitled, *upon submitting proof in respect thereof,* to recover reasonable attorneys' fees . . .''. (Our italics.)

Upon authority of *Winslow Gas Co.* v. *Plost,* supra, and the cases therein cited, we hold that the evidence in the instant case does not sustain the decision as to attorney's fees and that the judgment is erroneous in that respect.

The finding and judgment clearly show that the judgment includes $50.00 for appellees' attorneys' fees. There being no evidence in the record supporting said portion of the judgment, it follows that the court erred in the assessment of the amount of recovery in that it is too large.

Since the erroneous part of the judgment clearly appears from the finding to be $50.00, it may be separated from the balance of the judgment and the judgment may be affirmed if a remittitur for the erroneous part thereof is filed. Therefore, if within thirty days appellee shall file in the office of the clerk of this court a remittitur in the sum of $50.00 on said judgment, as of the date thereof, the judgment will be affirmed, otherwise the judgment is reversed with instructions to sustain appellants' motion for a new trial.