# Bates *v.* Harte.

*Action to Enforce Mechanics Lien.*

1. *Improvement; scope of term.*—The statute, Code, § 2723, recognizes that improvements meriting the protection of a lien may be made upon land otherwise than by building, but as

[Bates v. Harte.]

they may occur in unforeseen variety the scope of the term
improvement is left for determination in particular cases as
they may arise.

2. *A well an improvement giving lien.*—A well designed and made
for a permanent supply of water is an improvement upon land
within the meaning of the statute giving a lien upon the build-
ing, or improvement on the land on which the same is situ-
ated, to secure the payment for erecting such building or mak-
ing such improvement or furnishing material therefor. Code,
§ 2723.

3. *Contract which may be signed by mark without attestation.*—A
contract which the statute does not require to be signed may
be signed by mark only without attestation; the statutory
definition of "signature" as including mark when witnessed
by a person writing his name as a witness, does not apply.

4. *Contract; one part of admitted and the other part excluded;
when.*—Where a contract is in two parts and is offered in
evidence the party to the suit on whose ill-founded objection
one part is excluded, cannot complain of the exclusion, and
of the admission of only the other part although both parts
were admissible.

5. *Negligent ignorance cannot be set up to avoid contract.*—One
who signs a contract in negligent ignorance of its contents
cannot in the absence of fraud or misrepresentation set up
such ignorance in avoidance of the obligation. If he cannot
read due care for his own interest requires that he should
have it read to him.

6. *Misrepresentations will vitiate contract; when.*—But where two
parties enter into a verbal contract materially different from
a contract in writing concerning the same matter afterwards
drawn up by one of them, and without any change of the term
verbally agreed on, the party drawing the written contract
hands it to the other to sign, and without reading it tells him
it is the contract they had made, and the other party without
other information of its contents and without being able to
read it, signs the writing by mark, such misrepresentations
might well mislead him into the belief that the writing was
according to the previous agreement as stated to him; and
the fraud involved in such misrepresentations will furnish a
defense to an action based on the purported undertaking.

7. *Party failing to perform his part of contract cannot recover; the
other party not being at fault.*—Where it was open to the jury
under the evidence to find, in a suit to enforce mechanics'
lien for digging a well, that the plaintiff guaranteed a good
and sufficient supply of water, it was error to refuse charges
to the defendant that plaintiff could not recover if he failed

[Bates v. Harte.]

to comply with this agreement, there being no evidence that
defendant was at fault in the matter.

8. *Charges based on one version of contract when bad.*—Where
there are two versions of a contract in evidence charges re-
quested by one party to the suit based on his version alone
are properly refused.

9. *Charge bad when evidence in conflict.*—A charge which assumes
that proof of a fact has been made when the evidence is in
conflict on that matter, is bad.

APPEAL from Colbert Circuit Court.
Tried before Hon. THOMAS R. ROULHAC.
This is a suit brought by F. E. Harte against Thorn-
ton Bates to recover an amount alleged to be due the
plaintiff by contract with the defendant, and to enforce
a mechanic's lien for the same. The defendant demurred
to the complaint so far as it set up a mechanics' lien on
the ground that, the work done by plaintiff was not for
an improvement for which the statute gives a lien. On
the judgment overruling the demurrer, and on the admis-
sion of the contract recorded in the probate court claim-
ing a lien, the first three assignments of error are based.
There was a written contract signed by the parties in two
parts—the stipulations on the part of the plaintiff con-
stituting one part, and those on the part of the defendant
the other part. Each party signed only the part con-
taining his promises. The defendant set up that the writ-
ten instrument was not the contract as made between
the plaintiff and himself, and supported this contention
by evidence as set out in the opinion. Charges 2, 3 and 6
refused to the defendant as follows: 2. "Before you can
find for the plaintiff in this case you must believe that he
complied with his agreement as to boring the well." 3.
"If the evidence satisfies you that Harte agreed to bore
to water, and he quit boring the well before he reached
water and without fault on the part of Bates then he
cannot recover in this case." 6. "If you believe from
the evidence that the plaintiff agreed to furnish the de-
fendant water sufficient to run his farm and he failed
to do so then he could not recover in this action."
Charges 1, 4, 5 and 7 were all to the effect that if Hart
quit boring the well before he obtained a sufficient sup-
ply of water, and moved his machinery away he could not
recover.

W. P. & W. L. CHITWOOD, for appellant, cited, 10 Am.
& Eng. Ency. of Law, p. 243 (1 ed.) ; 3 Brick Dig., p.
749; *Amos v. State,* 73 Ala. 501; *Turner v. Robbins,* 78
Ala. 592; *Stewart v. Weaver,* 12 Ala. 538.

J. T. KIRK, *contra,* cited, *Eufaula Water Co. v. Ad-
dyston &c. Co.,* 89 Ala. 552; *Hughes v. Fargerson,* 96
Ala. 346; 62 Ala. 255.

SHARPE, J.—Under section 2723 of the Code one do·
ing work upon or furnishing materials for "any building
or improvement upon land," is given a lien to be per-
fected in the manner prescribed, upon the building or im-
provement and on the land on which the same is situated,
to an extent limited by the same section.

The statute recognizes that improvements meriting
the protection of a lien may be made upon land other-
wise than by buildings, but as they may occur in unfore-
seen variety the scope of the term *improvement* is left
for determination in particular cases as they may arise.
It is well known that a supply of water is often one of
the most convenient and useful of all appurtenances to
land. Its· development by means of drilling and casing
a well may greatly enhance the permanent value of the
land. We, therefore, hold that a well designed and made
for a permanent supply of water is an improvement upon
land within the meaning of the statute referred to.
*Hoppes v. Baie,* 105 Iowa 648 (75 N. W. Rep. 495).

This conclusion disposes of the first three assignments
of error.

The lack of attestation to defendant's mark on the con-
tract was not ground for excluding the writing or any
part of it. Now, as at common law, such an instrument
may be signed by mark only. The contract is not one
which the statute requires to be signed and, therefore,
the statutory definition of signature as including mark
when witnessed by a person writing his name as a wit-
ness does not apply.—*Beckley v. Keenan & Co.,* 60 Ala.
293. Under the evidence both that part of the contract
signed by the plaintiff and that part signed by the de-
fendant were admissible. It was only because of defend-
ant's ill-founded objection that both parts were not ad-

mitted, and he cannot complain if his own action resulted in the admission of one part to the exclusion of the other.

One who has signed a contract in negligent ignorance of its contents cannot, in the absence of fraud or misrepresentation, set up such ignorance in avoidance of the obligation. If he cannot read, due care for his own interest requires that he should have it read to him. *Jones v. Cin., Selma & Mobile R. Co.*, 89 Ala. 376. If, however, his signature to the instrument without knowledge of its contents has been induced by misrepresentations concerning same made by the opposite party, the fraud involved in such misrepresentations will furnish a defense to an action based upon the purported undertaking.—*Davis v. Snider*, 70 Ala. 315; *Foster v. Johnson*, 70 Ala. 249; *Cannon v. Lindsay*, 85 Ala. 198. The defendant's evidence tended to show that before the writing was drawn there was a verbal contract materially different from that expressed by the writing. By the verbal agreement he sets up that the drilling was to be paid for at $1.50 per foot in rock instead of $2 as by the writing, and the drilling was to continue until a sufficient supply of water was obtained, as to which the writing was silent. It further tends to show that without any change of those terms, the plaintiff handed the defendant the writing to sign and without reading it told him it was the contract they had made for boring the well; whereupon, without other information of its contents and without being able to read it, the defendant signed the writing by mark. From such representations if made, the defendant might well have been misled into the belief that the writing was according to the previous agreement as stated by him. By the plaintiff's testimony the writing was really in accordance with the previous agreement, and he also says it was read; but this conflict in evidence presented a question of fact which should have been submitted to the jury under appropriate instructions. The giving of the affirmative charge for the plaintiff was, therefore, error.

It was open to the jury if they found the writing not binding as a contract upon the defendant, to also accept the defendant's version of the contract. Under the agree-

ment as he states it, the plaintiff could not rightfully have abandoned the well before reaching sufficient water unless for the defendant's fault, of which there is no evidence. Therefore, charges 2 and 3 and 6 requested by defendant should have been given.

The remaining charges requested by him were properly refused. By the contract, if it was as expressed in the writing and as the jury might have found it, the plaintiff did not stipulate to continue the work until the completion of the well or until sufficient water was obtained. Charges 1, 4, 5 and 7 each ignore that consideration. Charge one is also bad in assuming the well was not completed, there being conflicting evidence as to that fact.

Reversed and remanded.