7 So.2d 73

**POLAKOW et al. v. GENERAL ROOFING & SUPPLY CO., Inc.**

**7 Div. 682.**

Supreme Court of Alabama.

March 26, 1942.

D. G. Ewing, of Birmingham, for appellants.

498

Knox, Dixon, Dixon & Wooten, of Talladega, and Graham Perdue, of Birmingham, for appellee.

BROWN, Justice.

This is a bill by an original contractor to enforce the lien conferred by the statute, Code of 1940, Title 33, § 37, for labor and material furnished in improving real property.

The bill alleges:

"That Complainant furnished to the respondents, Louis M. Polakow and the Childersburg Trading Post, Inc., a corporation, roofing materials, labor and equipment which went into and were used in and about the roofing and construction of a building known and designated as the Childersburg Trading Post, situated in the Town of Childersburg, upon the following described real estate located in Talladega County, Alabama, *at or near Childersburg, Alabama,* viz:

"Lots 1 to 10, inclusive, in Block 'A' of Louis M. Polakow's Addition to the town of Childersburg, Alabama, according to the map of said addition recorded in the Probate Office of Talladega County, Alabama, in Book of Plats #2 at page 17.

"That the said Louis M. Polakow himself and in behalf of said Childersburg Trading Post, Inc., as the owners of said real property and said building *did during the months of April and May,* 1941, enter into a contract with the Complainant for the furnishing of said roofing, supplies and material in and about the construction of said building and were put into and became a part of the original improvements thereon *as the original contractor,* and that there is a balance of $461.85 due complainant, and that the said Louis M. Polakow did agree to pay interest thereon at 6% from, to-wit July 3, 1941, and that the said sum with interest is still due and unpaid." [Italics supplied.]

The bill seeks to have the lien declared superior to a mortgage held by the defendant Steiner Brothers, a corporation, on eight of the lots described in the bill; executed by Polakow and wife "dated May 1, 1941, bearing acknowledgement dated May 15, 1941, and filed for record on May 16, 1941 * * * to secure an indebtedness of $3,500.00."

■ There is an absence of allegations showing when the work of improving said real estate was commenced, or that it was in progress at the time of the execution of said mortgage.

■ The allegations of the bill, above quoted, are equivocal as to whether the realty is located within the town of Childersburg or outside of said town but near thereto. It is also equivocal as to whether there was a single entire contract for the labor and material. If within the town and the work and labor was covered by a single contract the statutory lien attached to the lots covered by the building. Code of 1940, Title 33, § 45; Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90; Tallapoosa Lumber Co. v. Copeland, 223 Ala. 41, 134 So. 658, 75 A.L.R. 1325; Sims v. Taylor et al., 223 Ala. 280, 135 So. 580. If the lands are not within the corporate limits the lien is limited to one acre. Code of 1940, Title 33, § 45; Eufaula Water Co. v. Addyston Pipe & Steel Co., 89 Ala. 552, 8 So. 25.

■ To subordinate the mortgage lien of Steiner Brothers to the statutory lien

complainant had the burden of alleging and proving that the work on the improvement had commenced before the execution of the mortgage. Code of 1940, Title 33, § 38; Lary v. Jones, 237 Ala. 575, 187 So. 714.

The grounds of demurrer pointing out the above defects in the bill were well taken and the court erred in overruling the demurrer.

Reversed and remanded.

GARDNER, C. J., THOMAS, and FOSTER, JJ., concur.