48 So.2d 785

**TANNER v. FOLEY BLDG. & MFG. CO.**

**1 Div. 399.**

Supreme Court of Alabama.

Nov. 16, 1950.

Chason & Stone, of Bay Minette, for appellant.

478

J. B. Blackburn, of Bay Minette, and Forest A. Christian, of Foley, for appellee.

SIMPSON, Justice.

The amended bill seeks under one claim of lien to subject three and 44/100 acres of land and improvements thereon, not within a city, town or village, to a mechanic's and materialman's lien for work and labor done and materials furnished the defendant by the plaintiff under two separate contracts. The statement of lien is, "That the said Foley Building & Manufacturing Co. claims a lien upon the following property, situated in Baldwin County, Alabama, to wit:" (describing by metes and bounds the three and 44/100 acres) and, "This lien is claimed, separately and severally, as to both the buildings and improvements thereon." Then follows an itemized statement of the account.

According to the averments of the bill there were two contracts for the improvement of the property, one for the repair and alteration of a dwelling house and two appurtenant cottages, a balance due on which is claimed to be $4,043.15, and a second contract executed the same month for the construction of two new cottages on the land, a balance due on which is alleged to be $4,000. The claim of lien filed in the probate office is too indefinite in describing the buildings on which the $4,043.15 is due, the only mention thereof being of a balance due "on contract for repairs of house and cottages, $4,043.15"— how many or whether these were the only existing buildings does not appear. The statement of lien, however, as to the new cottages is specific and shows the total price with credits and the balance due.

The effort of the bill is to enforce both liens under the one statement of lien against the entire three and 44/100 acres of land, together with the alleged three repaired houses and the two new structures on the averment that: "The three houses which were repaired by the Complainant for the Respondent and situated on the same tract of land and the two houses which were built by the Complainant for the Respondent and situated on the same tract of land * * * together with the electric wiring, sewer lines and water pipes, are so situated that they cover the entire tract of land which is under one fence, except for less than one acre thereof."

Against apt grounds of demurrer that (1) the property was not sufficiently described, (2) that it is not permissible to enforce the two liens under one claim of lien, (3) that the bill was without equity, and (4) that it was multifarious, the trial court held the bill good, and this appeal challenges the correctness of those rulings.

Without dealing separately with the specific grounds of demurrer, we will state certain pertinent principles of law which will dispose of the propositions. The plaintiff could not under one lien subject more than one acre of land in addition to that upon

which the building or improvement is situated, and this one acre must be definitely described. The unit of land subject to be condemned under one improvement lien, if located in the country, is "one acre in addition to the land upon which the building or improvement is situated." "The purpose of the statute is to give the material-man [or mechanic] a lien on the lot, or acre of land [now enlarged to cover one acre in addition to the land on which the improvement rests], for the value of materials supplied [or labor etc. furnished] by him which have been applied and used *on that land,* in the erection [or repair etc.] of buildings, or other improvements thereon, and also on such building or improvement there situated; and the terms of the enactment are not only apt in the expression of this purpose, but equally so to the exclusion of anything beyond it." Eufaula Water Co. v. Addyston Pipe & Steel Co., 89 Ala. 552, 558, 8 So. 25, 26; Code 1940, Title 33, §§ 37, 45.

Thus the enforceability of a mechanic's or materialman's lien on the land must be restricted to one lot or parcel of land if in a city, town or village, enlarged to cover contiguous or adjacent lots if the improvement is "erected under one general contract", § 45, supra; Bennett Realty Co. v. Isbell, 219 Ala. 318, 122 So. 337, or if in the country to the unit designated in the statute, viz., one acre in addition to the land on which the building or improvement is situated. The unit of land subject to lien in the case in hand is, therefore, the "one acre" plus the land on which the improvement rests. §§ 37, 45, Code, supra; Polakow v. General Roofing & Supply Co., 242 Ala. 497, 498, 7 So.2d 73; Eufaula Water Co. v. Addyston Pipe & Steel Co., supra.

The law is further very specific that when the plaintiff seeks to enforce a lien not only on the building or improvement erected, repaired, or altered, etc., but also on the "one acre" allowed by the statute, § 45, the statement of lien as well as the complaint must each describe the one acre with reasonable and convenient certainty so that it may be identified and separated from the residue of the tract; and since such a statutory lien is in derogation of the common law, it is to be strictly construed, all matters of substance of necessity to be complied with. Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266; Bedsole v. Peters, 79 Ala. 133; Turner v. Robbins, 78 Ala. 592; 84 A.L.R. 134, note 1; 37 C.J. 309; 53 C.J.S., Liens, § 5.

From a review of the authorities, some of which are cited, it is made apparent that the bill is not good as one to subject the entire three and 44/100 acres of land to the claim of lien. Each claim of lien as regards the "one acre" of land must stand separate with a proper and definite description so that if the facts should warrant its condemnation, it would be specific and definite enough to be separated from the remainder of the land. In this the bill is singularly lacking. This case is readily distinguishable from the cases of Alabama State Fair & Agricultural Association v. Alabama Gas Fixture & Plumbing Co., 131 Ala. 256, 31 So. 26, where the unit of land sought to be subjected to the lien was one parcel of land within the city of Birmingham, all of which, under the statute, was subject to the lien; and Jefferson Plumbers & Mill Supply Co. v. Peebles, 195 Ala. 608, 71 So. 413, where the claim of lien under the two agreements was in the construction of one building.

But our cases are also agreed that if the description of the improvement and the land on which it is situate is sufficiently described in the statement of lien and the bill of complaint, a lien may be enforced upon the improvement and the land on which the improvement rests, even though not as to the additional one acre. Fowler v. Mackentepe, 233 Ala. 458, 462(4), 172 So. 266; Wood Lumber Co. v. Greathouse, 226 Ala. 644, 148 So. 125; Turner v. Robbins, supra; Bedsole v. Peters, supra; Robinson v. Crotwell Bros. Lumber Co., 167 Ala. 566, 52 So. 733.

We hold, therefore, that the bill is not good for the enforcement of a lien against the entire properties or against the three alleged repaired dwellings and one acre in addition thereto, or against the one-

acre adjacent to the two newly erected cottages, for the lack of a certain and definite description; nor is the lien enforceable on the buildings which it is alleged were repaired for like lack of a proper description of same.

But as to the two newly erected cottages and the land upon which situated, the description impresses us as being definite enough within the rule of the authorities to permit the enforcement of the $4,000 lien against them and the land on which these cottages are situated. As to this right, we think the case of Fowler v. Mackentepe, supra, is controlling, where a lien was enforced against the building or improvement and the land on which situated (denying the claim for the additional one acre), the description of the land being one acre in addition to the land on which the building rested in an eighty-acre, more or less, tract. Here the lien is claimed on the two new cottages constructed under the contract and the land on which situated, described as being in the three and 44/100 acre tract. As was said in Fowler v. Mackentepe, 233 Ala. 462, 172 So. 269: "* * * The description employed in the claim filed in the probate office and that contained in the bill are definite as applied to the improvement and the land on which the improvement rests. And the lien may be enforced to that extent, and not to an additional acre of adjacent land. Wood Lumber Co. v. Greathouse, 230 Ala. 362, 363, 161 So. 236. In the final decree, if the facts warrant, a lien may be enforced upon the improvement and the land on which that improvement rests; the enforcement of a lien upon the additional * * * land will be denied under the description thereof contained in the claim filed in the probate office and made an exhibit to this bill."

It results from the foregoing that the bill was demurrable seeking to enforce a lien on the entire three and 44/100 acres, the only lien subject to enforcement being that on the two new cottages and the land on which situated.

It is also clear that the bill does contain equity and when amended to seek enforcement of the single equitable right indicated above, it will not be multifarious.

A decree will be here entered sustaining the demurrer to the bill as amended.

Reversed, rendered and remanded.

BROWN, LIVINGSTON, and LAWSON, JJ., concur.