133 So.2d 44

Henry MAZEL

v.

J. W. BAIN, d/b/a Bain Construction Company.

1 Div. 952.

Supreme Court of Alabama.

June 22, 1961.

Rehearing Denied Sept. 28, 1961.

J. B. Blackburn, Bay Minette, for appellant.

Wilters, Brantley & Nesbit, Robertsdale, for appellee.

MERRILL, Justice.

This is an appeal from a decree overruling the demurrer of Henry Mazel, appellant, to the bill of complaint of J. W. Bain, doing business as Bain Construction Company, appellee. The bill sought to enforce a mechanic's lien for clearing eighty acres of land.

The bill alleged that appellee cleared the land under a contract with the owners, Richard and Eva Trester, executed February 20, 1959, and a balance of $881.25 was still owed for the work; that on April 9, 1959, appellant Mazel recorded a mortgage on the lands executed by the Tresters on January 6, 1958; and that the lien claimed by appellee was superior to the lien of the mortgage. The Tresters were not served with summons.

The sole question, one of first impression here, to be decided is whether clearing land, which included "pushing stumps and scrub oaks, raking and leveling the said lands," is an improvement on land under Tit. 33, § 37, Code 1940, which grants a lien to "every * * * person * * * who shall do or perform any work, or labor upon * * * any building or improvement on land, or for repairing, altering, or beautifying the same, * * *," under or by virtue of any contract with the owner.

In 1899, this court, in Bates v. Harte, 124 Ala. 427, 26 So. 898, 899, in holding that the drilling of a well was such an "improvement" as would support a lien, said:

"The statute recognizes that improvements meriting the protection of a lien may be made upon land otherwise than by buildings, but, as they may occur in unforeseen variety the scope of the term *improvement* is left for determination in particular cases as they may arise. * * *"

Warvelle on Ejectment, § 557, defines improvement: "An improvement, generally speaking, is anything that enhances the value of the land." The word is defined in Black's Law Dictionary, Fourth Edition:

"A valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to

more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes."

The Supreme Court of Oklahoma, in construing its lien statute, 42 O.S.1951, § 141, which gives a lien to any person who performs labor "for the erection, alteration or .repair of any building, improvement or structure thereon," held that "labor performed * * * with tractor and bulldozer and scraper in leveling and building up certain vacant lots to improve [same] for future construction of building thereon was a lienable item," and "the general word 'improvement' cannot be reasonably construed to have been used with the limitation in its meaning to buildings and things ejusdem generis" (of the same kind, class or nature). Green v. Reese, Okl., 261 P.2d 596, 39 A.L.R.2d 861, and annotation 39 A.L.R.2d 866.

Some states, California, Florida, Hawaii, Iowa, Minnesota, Tennessee, Texas, Wisconsin and Washington, have defined the word improvement in their statute, and include excavating or grading in the definition.

In 1889, Justice McClellan, speaking for the court in Eufaula Water Co. v. Addyston Pipe & Steel Co., 89 Ala. 552, 8 So. 25, 26, said: "The whole theory of the statute is to give the material-man a preferred claim on a lot of land for the amount he has contributed in improving that particular land or the buildings situated thereon."

Again, in Crawford v. Sterling, 155 Ala. 511, 46 So. 849, 850, McClellan, J., wrote:

"* * * . The theory of our system (Civ.Code, 1896, c. 71, art. 1) is that the subject of the betterment afforded by the labor, material, or machinery furnished shall be charged with the payment therefor to the extent in interest and area defined by section 2723. In other words, for a demand for labor, materials, or machinery applied to the

improvement of real estate, there are as many separate liens as there are separate lots of the area described in the statute, unless, perhaps, a building as a unit rests upon two or more lots. * * *"

This court said in Floyd v. Rambo, 250 Ala. 101, 33 So.2d 360, 362:

"The general policy of the statute is to secure to the materialman and laborer a just reward of his labor and material and is based upon the general equitable principle that one should not enjoy the benefits thereof without making just compensation therefor. * *"

And in our late case of Wilkinson v. Rowe, 266 Ala. 675, 98 So.2d 435, 437, we quoted from Montandon & Co. v. Deas, 14 Ala. 33, as follows:

"* * * This act should receive a liberal construction, as it is but an extension of the doctrine of lien, so much favored by the courts, as consonant with every principle of equity and justice as applied to personal property. Cross on Law of Lien, 24. *The intention of the act was, to give to the mechanic who had expended his labor and furnished materials in improving the ground of another, a prior right of satisfaction by a lien upon the building, and the interest of the party contracting for its erection, in the land so improved.* * * *" (Emphasis supplied.)

It is argued that since a mechanic's lien is of statutory origin and "is in derogation of the common law, it is to be strictly construed, all matters of substance of necessity to be complied with." Tanner v. Foley Bldg. & Mfg. Co., 254 Ala. 476, 48 So.2d 785, 787. This strict construction is not applied to the theory of the statute but to the technical requirements of the statute to make the lien effective, such as, certainty as to the description, allegations that the claim has been properly filed in the office of the probate judge, and that the wording of

the claim and the notices substantially follow the statute. There is no conflict in the case of Montandon & Co. v. Deas, 14 Ala. 33, and the principle enunciated in the Tanner case.

It is also argued that our statute does not give a lien for work on land in the absence of an improvement or building thereon. We think that construction of the statute is too strict and narrow. Under such an interpretation, a brick mason who built the foundation for a building, which was never built, would not have a lien. Yet in 1890, in Scott v. Goldinghorst, 123 Ind. 268, 24 N.E. 333, work done in excavating earth and constructing a brick foundation for a barn which was never completed was held to be lienable.

Again, construing the statute so strictly, the digging of a well would not be an improvement, but the adding of a well curb or a shelter over the well would be subject to the lien because it was added to the improvement (the well) which was already there. But that is not what this court held in Bates v. Harte, 124 Ala. 427, 26 So. 898, cited supra. There, the digging of a well was held to be an improvement.

 The clearing, grading or excavation of land is a permanent improvement upon land, and since this question has not been previously presented to this court, it seems practical, useful and sensible to hold that this type of permanent improvement upon land is lienable under the statute.

We would still adhere to the holding in Bates v. Harte, 124 Ala. 427, 26 So. 898, quoted in Wilkinson v. Rowe, 266 Ala. 675, 98 So.2d 435, that "the scope of term *improvement* is left for determination in particular cases as they may arise." This question of first impression in this state having arisen, we hold that the work described comes within the scope of the term "improvement" in the statute.

It follows that the trial court correctly overruled appellant's demurrer to the bill of complaint.

Affirmed.

LAWSON, SIMPSON and GOODWYN, JJ., concur.

LIVINGSTON, C. J., and STAKELY and COLEMAN, JJ., dissent.

STAKELY, Justice (dissenting).

The suit was filed by J. W. Bain, doing business as Bain Construction Company, against Richard Trester, Eva Marie Trester and Henry Mazel, to enforce a mechanic's lien for clearing eighty acres of land. The two Tresters were not served. The relevant part of the bill of complaint is as follows:

"2. That your Complainant and the Respondents, Richard J. Trester and Eva Marie Trester, entered into a written agreement on towit the 20th day of February, 1959, for the clearing of lands hereinafter described, which included pushing stumps and scrub oaks, raking and leveling the said lands and on that date your Complainant did commence the said work and labor and that he did complete the contract on the following described lands in Baldwin County, Alabama, towit: * * * That there is now due and unpaid a balance of $881.25 with interest thereon.

"3. The Complainant alleges that the above described property is the property of the Respondents, Richard J. Trester and Eva Marie Trester; that the said work or labor was done and performed on the said lands improving the same under and by virtue of the above mentioned contract with the said Richard J. Trester and Eva Marie Trester, the owners or proprietors thereof; that within six months after the said indebtedness had matured, on towit, the 18th day of June, 1959, Complainant did file in the office of the Judge of Probate of Baldwin County, Alabama, wherein said land is situated, a verified statement as required by law, a copy of which is attached hereto and made a part hereof and marked Exhibit 'A'; wherefore, the Complainant claims a lien for said

amount upon said land, buildings and improvements situated thereon.

"That the above described tract of land is not in a city, town or village and that the above described lands include, but do not exceed, the area upon which the work and labor was performed by the Complainant.

"4. Complainant further avers that on January 6, 1958, the Respondents, Richard J. Trester and Eva Marie Trester, executed a mortgage on the above described lands to Henry Mazel and that the said mortgage was recorded in the office of the Judge of Probate of Baldwin County, Alabama, on April 9, 1959, in Mortgage Book 314, pages 254–6, subsequent to the entering into of the contract above described and commencement of work by your Complainant and that the lien claimed by your Complainant on the above described property and improvements thereon is superior to the lien of the mortgage given by the Respondents, Richard J. Trester and Eva Marie Trester, to Henry Mazel."

The question for decision is whether the allegations of the bill show that complainant performed services which entitle him to the lien claimed.

We think we can safely say that if the complainant has the right to a mechanic's lien for the services which he alleges that he performed in clearing the land described in the bill of complaint, it must be under § 37, Title 33, Code of 1940. We set out the pertinent part of § 37, Title 33, Code of 1940, as follows:

"§ 37—Every mechanic, person, firm or corporation who shall do or perform any work, or labor upon * * * any building or improvement on land, or for repairing, altering, or beautifying the same, * * * shall have a lien therefor on such building or improvements and on the land on which the same is situated, * * *."

Without question the foregoing statute gives a lien for work on an improvement on land but we do not think that the statute gives a lien for work on land in the absence of an improvement or building thereon. The statute gives a lien "on such building or improvements *and on the land on which the same is situated.*" [Emphasis added.] If the graded land is the improvement, then there is a lien on the graded land on the land. In other words, there is a lien on land on land. We do not believe the statute warrants such a construction.

In this case it is well to remember that the right to a mechanic's lien is purely statutory. Wilkinson et al. v. Rowe, 266 Ala. 675, 98 So.2d 435. There is no right to an equitable lien for work and labor done. Lindsey v. Rogers, 260 Ala. 231, 69 So.2d 445; Emanuel v. Underwood Coal & Supply Co., 244 Ala. 436, 14 So.2d 151.

In Tanner v. Foley Bldg. & Mfg. Co., 254 Ala. 476, 48 So.2d 785, this court said: "and since such a statutory lien is in derogation of the common law, it is to be strictly construed, all matters of substance of necessity to be complied with.", and cases cited. Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492, and cases cited.

It is clear that the clearing, grading or leveling, which the complainant did on the land, was not done in connection with the construction of any building or other improvement on the land. Does the clearing, grading and leveling of land constitute an improvement within the meaning of § 37, Title 33, Code of 1940 and entitle one who does such work to a mechanic's lien under the provisions of the statute? In the recent case of Wilkinson v. Rowe, supra, this court had occasion to consider whether the services rendered by a surveyor in surveying in part a subdivision was an improvement within the meaning of the statute now under consideration. In the case here referred to this court held that such services were not an improvement and that the party who rendered them was not entitled to a mechanic's lien. This court said:

"Section 37, Title 33, Code 1940, provides that every person '* * *

who shall do or perform any work, or labor upon, or furnish any material, fixture, engine, boiler, or machinery for any building or improvement on land, or for repairing, altering, or beautifying the same, * * * shall have a lien therefor on such building or improvements and on the land on which the same is situated, * * *.' etc.

"By its language, the statute gives the lien first on the building or improvement, then on the land. Unless the improvement on which the lien can be fastened exists, the lien never attaches to the land. The statute gives a lien for work on an improvement on land, but does not give a lien for work on land in the absence of an improvement or building thereon."

In other words before there can be a lien, there must be an improvement and the lien does not attach in the absence of an improvement or building.

In Wilkinson v. Rowe, supra, reference is made to the fact that some states have what is referred to as graders' statutes which give a lien on realty to one who clears, grades, fills or otherwise improves real property or any street or road in front of or adjoining the same. See Daugherty v. Gunther, 88 Wash. 378, 153 P. 336. In Wilkinson v. Rowe, supra, this court further said:

"Here, we are concerned with a remedy given by statute for work done on an improvement on land. If the 'improvement' contemplated by the statute does not exist, the remedy given by the statute does not apply.

"'* * * A builder's or mechanic's lien is purely statutory. Its character, operation and extent must be ascertained by the terms of the statute creating and defining it. Of itself, it is a peculiar, particular, special remedy given by statute, founded and circumscribed by the terms of its creation, and the courts are powerless to take it up where the statute may leave it, and ex-

tend it to meet facts and circumstances, which they may believe present a case of equal merit, or a necessity of the same kind, as the cases of necessities for which the statute provides.' Copeland v. Kehoe & Ramsey, supra (67 Ala. 594)."

Section 37, Title 33, Code of 1940, does not entitle J. W. Bain, doing business as Bain Construction Company to a mechanic's lien for clearing land for the reason that there are no improvements on the land to which such a lien can attach.

As fortifying our view that the word "improvement" in § 37 does not include leveling or grading of the land, we refer to § 38, Title 33, Code of 1940, which provides the method by which priority between a mechanic's lien and a mortgage on the property may be determined. The mechanic's lien provided for in § 37 as to the land, buildings or improvements thereon "shall have priority over all other liens, mortgages or incumbrances created subsequent to the commencement of work on the building or improvement; * * *". But "as to liens, mortgages or incumbrances created prior to the commencement of the work, the lien for such work shall have priority only against the building or improvement, the product of such work which is an entirety, separable from the land, building or improvement subject to the prior lien, mortgage or incumbrance, and which can be removed therefrom without impairing the value or security of any prior lien, mortgage or incumbrance; and the person entitled to such lien may have it enforced by a sale of such buildings or improvement under the provisions of this article and the purchaser may, within a reasonable time thereafter, remove the same."

Assuming that the mortgage on the land was made prior to the work and labor for which the mechanic's lien was given, then the lien may be enforced by a sale of such buildings or improvement. There is no provision in the statute in this event for the sale of the land. Accordingly, if the im-

provement is the grading or leveling of the land, how can such grading and leveling be sold under section 38 without a sale of the land itself? We think this indicates that the Alabama statutes were not intended to give a lien for merely leveling or grading the land.

We quite understand that an equity court where there was a mortgage on the land in a suit to enforce a mechanic's lien can, under certain circumstances, order a sale of the entire property, adjusting priorities in the proceeds on equitable principles. Baker Sand & Gravel Co. v. Rogers Plumbing & Heating Co., 228 Ala. 612, 154 So. 591, 102 A.L.R. 346. But the power of an equity court in this regard still does not determine the meaning of the word "improvement" in the statute.

It should be added that the demurrer raises no question of priority as between the lien claimed and the mortgage to Henry Mazel.

Of course, the legislature has the power to extend the right to a lien to cover clearing or grading land but the courts do not have the power to establish such a lien by judicial decree.

Since the views expressed by me are not in accordance with the majority opinion of the court, I respectfully dissent.

LIVINGSTON, C. J., and COLEMAN, J., concur.