262 So.2d 760

**F. M. ROSS**

v.

**TOP CATFISH, INC., a Corporation.**

**5 Div. 918.**

Supreme Court of Alabama.

May 25, 1972.

Samford, Torbert, Denson & Horsley, Maye & Melton, Opelika, for appellee.

Phillips & Funderburk, Phenix City, for appellant.

**516**

HEFLIN, Chief Justice.

Appellant-complainant F. M. Ross brought a suit in equity to enforce a statutory lien for improvements allegedly established on a 407.2 acre tract owned by appellee-respondent Top Catfish, Inc. The chancellor sustained demurrers to the original bill of complaint and subsequent amended bills of complaint. Upon failure to plead further the bill of complaint as last amended was dismissed on motion of appellee-respondent.

Appellant-complainant contends that the bill of complaint as last amended contains the averments necessary to bring his action within the purview of the mechanics' and materialmen's lien statutes and particularly that the averment concerning the improvements made to the land was sufficient.

It is the view of this Court that the bill of complaint as last amended sufficiently complied with the mechanics' and materialmen's lien laws and the trial court erred in sustaining demurrers thereto.

The bill of complaint as last amended avers in pertinent part as follows:

"2. Complainant avers that the Respondent herein is the owner in fee simple of the following described property, to wit: [some 407.2 acres being thereafter described]. The property described in paragraph 2 is not in any city, town or village, and that the entire acreage as described in paragraph 2, is located in the County of Lee, State of Alabama.

"3. Complainant avers that he furnished labor, work, material and equipment in and about the grading and improvement of all the above land, described in paragraph number two.

"4. Complainant avers that he had a contract with the Respondent herein, who is the owner of all of the real estate described in paragraph 2, to grade, to improve and construct catfish pools, to grade and level said property, or to clear the land of stumps, trees, to plant and grass the cleared areas, to clear out certain branches upon said property by the straightening of the channel, and thereby to improve all the real estate described in paragraph 2. Your Complainant avers that said improvements as aforementioned, increased the value of the entire tract of land described in paragraph 2. The Complainant avers that he fulfilled his portion of the contract with the Respondent in all regards. Your Complainant avers that his contract was directly with the owner of the real estate and the owner of the improvements thereon and by virtue of Title 33, Section 37, Code of Alabama, (Recomp 1958), the Complainant is entitled to a lien on such buildings or improvements and on the real estate above described, to the extent of ownership of all

the right, title and interest thereon of the Respondent. The Complainant avers that on July 29, 1970, the Respondent herein was given notice in writing that Complainant herein claimed a lien on such buildings, improvements and the land above described, said notice setting forth the amount of the lien, for what and from whom it is owing.

"5. Your Complainant further avers that on the 10th day of August, 1970, the Complainant herein filed a verified statement in the office of the Judge of Probate of Lee County, Alabama, as provided by Code of Alabama, 1940, (Recomp 1958), Title 33, Section 41, said lien being recorded in Mechanics and Materialmen's Book 4, at Page 241 and 242. A copy of said lien is marked as Exhibit "A", attached hereto and incorporated herein by reference.

"6. The Complainant avers that he completed all of the work as provided by the agreement with the Respondent and owner of the real estate and that the last item of work was completed on, to-wit, April 15, 1970. The Complainant avers that the lien was timely filed and that this suit was timely filed as provided by the laws of the State of Alabama. Complainant further avers that the Respondent owes to the Complainant Forty two Thousand Eight Hundred Ninety ($42,890.00) Dollars for the grading and construction work which he did upon the real estate described in paragraph two and that the said Forty Two Thousand Eight Hundred Ninety and no/100 ($42,-890.00) Dollars has been past due since April 15, 1970.

"7. The Complainant claims of the Respondent Forty-two Thousand Eight Hundred Ninety Dollars ($42,890), due from it for work and labor done for the Respondent by the Complainant on the, to-wit, 1st day of May, 1969, through, the 15th day of April, 1970, and at its request; which sum of money, with the interest thereon, is still unpaid.

"WHEREFORE THE PREMISES CONSIDERED your Complainant prays: That the Respondent be made party defend-

ant hereto and that summons issue out of this Honorable Court requiring the Respondent to plea, answer or demur to this Bill of Complainant (sic) within the time prescribed by law or that the same will be taken as confessed; that upon a final hearing of this cause, your Honor will make and enter a decree, declare a lien in favor of the Complainant on the buildings or improvements and on the land on which the improvements are situated, said land being described in the above Complaint, to the extent of the ownership of all the right, title and interest therein of the Respondent; that the Court will declare a lien in favor of the Complainant on the land described in said Bill of Complaint; that the Court will declare a judgment in favor of the Complainant against the Respondent in the amount of Forty Two Thousand Eight Hundred Ninety and no/100 ($42,890.00) Dollars, plus interest, and establish a lien in the amount of Forty Two Thousand Eight Hundred Ninety and no/100 ($42,890.00) Dollars, and issue its order condemning the property to sell for the satisfaction of said lien, and in the alternative the Court will declare a lien in favor of the Complainant and attach the same against any money or unpaid balance due to the Respondent relative to the property in question, or in the alternative from any source whatsoever; that the Court will further award to the Complainant a reasonable attorney's fee necessary in the prosecution of this suit; that the Court will make such other and further orders and decrees that will be mete and proper in the premises."

For a better understanding of the issues involved in the present case, it is advisable tha the relevant portion of Title 33, Section 37, Code of Alabama, 1940, be set forth as follows:

"§ 37 *Lien declared.*—Every mechanic, person, firm, or corporation who shall do or perform any work, or labor upon, or furnish any material, fixture, engine, boiler, or machinery for any building or improvement on land, or for repairing, altering, or beautifying the same, under

or by virtue of any contract with the owner or proprietor thereof, or his agent, architect, trustee, contractor, or subcontractor, upon complying with the provisions of this article, shall have a lien therefor on such building or improvements and on the land on which the same is situated, to the extent in ownership of all the right, title, and interest therein of the owner or proprietor, and to the extent in area of the entire lot or parcel of land in a city, town or village; or if not in a city, town or village, of one acre in addition to the land upon which the building or improvement is situated; . . ."

In Mazel v. Bain, 272 Ala. 640, 133 So.2d 44, this Court held that the clearing, grading or excavation of land is a type of permanent improvement upon land lienable under the above quoted statute. Counsel for both parties in their respective briefs recognize that under *Mazel* the improvements averred to have been performed in the bill of complaint as last amended were lienable.

Appellee-respondent contends that the bill of complaint as last amended is fatally deficient in that the alleged improvements to the land are not described with sufficient certainty so that the same can be located. This Court has held that the property upon which a lien was claimed was sufficiently described if the description pointed out the premises, so that by applying it, the land could be identified. Stoughton v. Cole Supply Company, 273 Ala. 383, 141 So.2d 173; Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266.

■ In the instant case, the description of the tract of land in paragraph 2 was definite, unambiguous, clear and certain. The appellant-complainant then averred that he furnished labor, work, material and equipment in and about the grading and improvement of *all* the land described in paragraph 2. From this averment it is clear that the complainant was in effect averring a lienable improvement to the entire tract of land described in the bill of complaint as last amended. It is thus apparent that where a

bill of complaint adequately describes a tract of land, and further avers that the entire tract has been improved and graded, the bill of complaint is sufficient to identify the land upon which the improvement is located. See Fowler v. Mackentepe, supra.

Since the land on which the improvement was situated was adequately described, it is of no consequence that the appellant-complainant failed to describe the one acre of land (mentioned in the above statute) in addition to the land on which the improvement was located. Bice v. R. L. Bains Builders, Inc., 269 Ala. 662, 115 So.2d 468; Fowler v. Mackentepe, supra. Moreover, appellant has averred in effect an improvement to the entire tract of land on which the lien is claimed so it would be impossible to describe an additional acre.

■ It is a further contention of appellee-respondent that the bill of complaint as last amended fails to aver a contract between the appellee-respondent and the appellant-complainant covering each and every acre upon which an improvement is situated. This Court is of the opinion that paragraph 4 of the bill of complaint as last amended did aver a contract between the appellee-respondent and the appellant-complainant covering the entire tract of land described in paragraph 2. The appellant averred he had a contract with the appellee-respondent (who was the owner of all of the real estate described in paragraph 2) as follows, inter alia:

"To grade, to improve and construct catfish pools, to grade and level *said property*, or to clear *the land* of stumps, trees, to plant and grass the cleared areas, to clear out certain branches upon said property by the straightening of the channel, thereby to improve all the real estate described in paragraph 2." (Emphasis supplied)

■ Although the contract is neither set out in the bill nor made an exhibit thereto, it is clear to this Court that the bill of complaint under consideration averred a contract which covered the entire 407.2 acre

tract. It is not necessary in a bill to enforce a mechanics' lien to set out all the terms of the contract. Roobin v. Grindle, 219 Ala. 417, 122 So. 408.

While not determinative to the resolution of this issue, several cases have held when a bill to enforce a mechanics' lien averred facts sufficient to entitle complainant to recover on the common counts, and showed compliance with the lien filing statement, the bill is sufficient. Nelson Weaver Mortgage Co. v. Dover Elevator Co., 283 Ala. 324, 216 So.2d 716; Skelton v. Seale Lumber Co., Inc., 260 Ala. 179, 69 So.2d 288.

The contention of the appellee that the bill of complaint as last amended fails to aver a contract covering all the tract of land upon which the lienable improvements are situated has no merit. For this and other reasons stated herein the trial court erred in sustaining the demurrers to the bill of complaint as last amended and in sustaining appellee's motion to dismiss.

Reversed and remanded.

MERRILL, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.

For opinion after remand, see Ala.Cr. App., 262 So.2d 772.