This action was commenced by Kilgore Hardware and Building Supply, Inc., to enforce a materialman's lien. Defendants are Terry Mullins and his wife, the owners of an equity of redemption in the property upon which Kilgore sought its lien, and First Colbert National Bank, the holder of three mortgages on that property. After a *Page 835 
trial, the court entered a judgment denying Kilgore's claim to a lien. The court's judgment contained the following findings of fact: (1) that Kilgore had actual knowledge of First Colbert's mortgage; (2) that Kilgore had a general running account with Terry Mullins; (3) that the amount Mullins owed Kilgore for the materials Kilgore supplied was uncertain; and (4) that it was not clear from the evidence when construction of the house began.
Kilgore appealed. We affirm.
Terry Mullins was a building contractor. He and his wife purchased the lot involved in this litigation and received a deed to it on June 5, 1978.
First Colbert National Bank loaned Mullins money secured by three different mortgages on this lot. The first mortgage was dated June 5, 1978, and recorded June 21, 1978, securing a $40,000 loan. The second mortgage was dated June 27, 1978, and recorded July 5, 1978. The third mortgage was dated August 17, 1978, and recorded the same day. The loans secured by the second and third mortgages were not used to finance the construction of Mullins's home.
At the same time Mullins was building the house involved here, which was to be his home, he was also building other houses and was receiving loans from First Colbert for the construction of these other houses.
Kilgore sells building materials. It supplied materials to Mullins for use in building his personal home, as well as materials used in other construction jobs. Under the arrangement between Mullins and Kilgore, Mullins was to be billed each month's purchases on the 25th of the month and they were to be paid around the 10th of the following month.
At the time construction was commenced on Mullins's personal home, he had had a running account with Kilgore for approximately two years and there was a small balance outstanding on this account at the time he had a conversation with Mr. Kilgore, president of the plaintiff corporation, with respect to materials for the construction of his personal home. At this time, Mullins told Mr. Kilgore that he had a construction loan at First Colbert for his home, and Mr. Kilgore checked with First Colbert about the construction loan and was told that the bank would make a construction loan to Mullins on his personal home.
The question presented is whether the bank's mortgage is superior to Kilgore's asserted materialman's lien. The trial court held that the bank's mortgage was superior to the asserted materialman's lien. We must agree for a number of reasons. First, under Alabama law, a materialman's lien does not attach until work is begun. Lily Flagg Bldg. Supply Co. v.Medlin Co., 285 Ala. 402, 232 So.2d 643 (1970); Kansas CityTitle Ins. Co. v. Gamble's, Inc., 283 Ala. 409, 217 So.2d 923
(1969). Thus, the materialman's claim in such instance is subordinate to a construction mortgage even before he begins work on a job, if the construction money mortgage is recorded prior to the start of the construction.
Any construction necessarily was commenced after the construction mortgage was executed. The question then is whether the lien has priority over this mortgage. We think not. Section 35-11-211, Code of Ala. 1975, provides:
§ 35-11-211. Priority of lien.
 Such lien as to the land and buildings or improvements thereon, shall have priority over all other liens, mortgages or incumbrances created subsequent to the commencement of work on the building or improvement; and as to liens, mortgages or incumbrances created prior to the commencement of the work, the lien for such work shall have priority only against the building or improvement, the product of such work which is an entirety, separable from the land, building or improvement subject of the prior lien, mortgage or incumbrance, and which can be removed therefrom without impairing the value or security of any prior lien, mortgage or incumbrance; and the person entitled to such lien may have it enforced by a sale of such buildings or improvement under the provisions of this *Page 836 
division and the purchaser may, within a reasonable time thereafter, remove the same.
In this case, there is no doubt that the mortgage was executed prior to the commencement of the work. We are unpersuaded by the appellant's argument that, although this is so, it should not be given priority because the mortgage was arguably not recorded until after the commencement of the work. We are unpersuaded that the statute uses the word "created" to equate "recorded." But even if we were tempted to read the act to provide that mortgages "recorded" prior to the commencement of the work shall have priority, we would not do so in this case because the materialman knew that the mortgage existed at the time the materials were delivered.
We think this holding is consistent with this Court's decision in Empire Home Loans, Inc. v. Bradley Co., 286 Ala. 449, 241 So.2d 317 (1970). "The Priority Problem Between Construction Mortgages and Mechanic's Liens in Alabama," 6 Cumb.L.Rev. 243.
In any event, the judgment appealed from is due to be affirmed because Kilgore failed to prove that the work was commenced before the execution of the mortgage, which burden it must discharge to prevail. Polakow v. General Roofing SupplyCo., 242 Ala. 497, 7 So.2d 73 (1942).
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.