WRIGHT, Presiding Judge.
This is a dispute between a construction money mortgagee and a materialman as to priority of their respective liens.
The Bank of Gadsden (Bank) entered into a contract with Vandiver, the owner of a lot and a speculative building contractor, to furnish construction money up to the amount of $42,000, for the building of a house on the lot. In pursuance of the contract, Vandiver executed a mortgage of the lot to Bank on November 8, 1979. The mortgage was filed for record on November 15, 1979. (There was subsequently another mortgage executed and recorded in April 1980. We perceive no relevance of that mortgage to the issue presented on appeal.)
On November 14, 1979, according to its owner and its records, Dixie Heating and Cooling Company (Dixie) in pursuance of an oral contract with Vandiver to furnish and install heating and air conditioning, began to furnish material and labor in the construction of the house.
There is an unusual aspect to this case arising from the fact that subsequent to November 1979, construction of the house was apparently delayed. The work of Dixie was not completed until August 25, 1980. There is no indication that delay was caused by Dixie. We perceive such delay to have no relevancy to the issue of priority. However, it explains why the lien of Dixie was not filed until January 22, 1981, with suit for enforcement filed on February 18,1981.
The case was heard orally by the court and judgment entered on February 8, 1983, determining priority to be in favor of the mortgage of the Bank. Dixie has appealed. We find the judgment to be in error.
The primary and dispositive issue in this case is one of law — which has priority, the mortgage or the mechanic’s lien? It is our opinion that § 35-11-211, Code of Alabama 1975, and its interpretation by our supreme court in the case of Empire Home Loans, Inc. v. W.C. Bradley Co., 286 Ala. 449, 241 So.2d 317 (1970) clearly answers the question of priority in this case. That answer is simply that a mechanic who, under a contract with the owners, began work on the construction of a building prior to the recording of a construction money mortgage, has a lien on both land and building, with priority over the mortgage lien. Scholl, Priorities Between Mechanic’s Liens and Construction Loan Mortgages in Alabama, 23 Ala.Law 398 (1962); Comment, The Priority Problem Between Construction Mortgages and Mechanic’s Liens in Alabama, 6 Cumb.L.Rev. 243 (1975). The subject of priorities has been so thoroughly discussed in Empire, supra, and the cited articles that we deem it unnecessary to reiterate in this opinion. The language of the court in the case of Kilgore Hardware & Building Supply v. Mullins, 387 So.2d 834, 836 (Ala.1980), relied upon by Bank, is stated therein not to be inconsistent with the decision in Empire, supra.
Bank contends that a question of fact as to whether or not Dixie began its work before the recording of its mortgage, is presented by the evidence. Our review of the evidence does not support Bank’s contention. There was evidence by the president of Dixie and from the business records that work was begun on November 14, 1979. The president stated that on that date the house had been framed and “blacked in.” There was testimony by an officer of Bank that he had visited the vacant lot with the owner prior to the execution of the mortgage on November 8, 1979. He had no recollection of the date of that visit, but it possibly could have been within two or three days prior to the execution of the mortgage. Whatever the date of the visit, the lot was vacant with no construction evident. Bank submits that the court could have concluded that if the lot was vacant on the 5th or 6th of November, that it could not have been “blacked in” on the 14th of November. Thus the court could disbelieve the work of Dixie was begun on November 14.
We do not accept the contention that a reasonable view of the evidence permits such a conclusion. The uncertainty of the testimony of the witness for the Bank as to the date he observed the lot vacant, when considered in light of the absence of evi *578 dence that the work could not have proceeded to the point stated by Dixie in the interval from the 5th to the 14th, does not present a conflict in the evidence. We consider that there is no reasonable dispute presented but that the work of Dixie was begun on November 14, 1979. Of course, it is purely speculation that the trial court found otherwise or based its judgment on such finding. There is no basis for such speculation in the record.
It is the opinion of this court that the lien of Dixie has priority over the construction mortgage of Bank, both as to the land and the building, because Dixie began construction November 14, 1979, and the mortgage of Bank, though executed on November 8, was not filed for record until November 15, 1979. The judgment of the trial court must be reversed and set aside and judgment entered for Dixie upon its suit to enforce its mechanic’s lien.
The issue of the amount of the lien of Bank, in view of this opinion, is not necessary to decide. We note, however, that that issue is also addressed in the decision in Empire, supra.
Reversed and remanded with direction to enter judgment for Dixie.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.