STEAGALL, Justice.
Larry Calvert, doing business as Calvert Construction Company, sued Creditco Financial Services, Inc. (hereinafter “Creditco”), and Plantation Resorts of America, Inc., seeking a judgment declaring the rights of the parties to certain real property. Calvert also asked the trial court to dissolve Plantation Resorts and to direct Plantation Resorts (or any receiver named by the court for Plantation Resorts) to liquidate its assets and to exercise its right under an agreement with Creditco to require Creditco to subordinate its mortgage on the real property to the mortgage held by Calvert.
Calvert and Creditco filed a stipulation of facts with the trial court, wherein they stated:
“CREDITCO FINANCIAL SERVICES, INC., an Alabama Corporation, is the holder and owner of a real estate mortgage conveying to it the property which is the subject of this action. That mortgage was executed to CREDITCO by the owner of the property, PLANTATION RESORTS OF AMERICA, INC., an Alabama Corporation, on August 17, 1990. The mortgage is recorded in Real Volume 398 at pages 0554-0559 in the Probate Office of Baldwin County, Alabama, having been so recorded on August 21, 1990.
“CALVERT CONSTRUCTION COMPANY, the plaintiff in this action, is the holder and owner of a mortgage covering a portion of the same property which was executed to it by the owner, PLANTATION RESORTS OF AMERICA, INC., an Alabama corporation, on April 8, 1991. CALVERT’S mortgage was recorded in the Office of the Judge of Probate of Baldwin County, Alabama, on November 7, 1991, and appears in Real Volume 440 at pages 1342-1344.
“CREDITCO’S mortgage appears as Exhibit D to the complaint in this action. CALVERT’S mortgage appears as Exhibit B to that complaint.
“CALVERT’S mortgage was to secure payment in the amount of $62,500 with interest for work done by CALVERT for PLANTATION RESORTS OF AMERICA, INC., in what was known as the ‘mobile home section’ of Wolf Bay Plantation which was owned by PLANTATION RESORTS. CALVERT performed the work and labor agreed to be performed for PLANTATION RESORTS.
“PLANTATION RESORTS defaulted and failed to pay CALVERT for the work. CALVERT foreclosed its mortgage on July 22, 1992, under the power of sale contained therein. The foreclosure deed evidencing the CALVERT foreclosure was recorded in the Office of the Judge of Probate of Baldwin County, Alabama, on July 22, 1992, and appears in Real Volume 471 at pages 0076-0078.
“PLANTATION RESORTS also defaulted on its obligation to CREDITCO and on November 10, 1992, CREDITCO’S mortgage was foreclosed under the power of sale contained therein. CREDITCO’S foreclosure deed appears as Exhibit E to the complaint in this action.
“The mortgage to CALVERT from PLANTATION RESORTS provides that ‘said property is warranted free from all encumbrances and against any adverse claims, except as stated above.’ There are no exceptions included in the mortgage.
“The mortgage of CREDITCO provides that ‘in the event that mortgagor obtains a construction loan for improvement in the mobile home section of Wolf Bay Plantation, mortgagee agrees to subordinate this *823 mortgage to said construction loan, with said loan not to exceed $200,000.’
“Plaintiff CALVERT CONSTRUCTION COMPANY’S contractor performed the work of constructing the sewer, water, and roads to develop the property which is the subject of this action and also supplied the materials and equipment necessary in the performance of that work. The mortgage given by PLANTATION RESORTS OF AMERICA, INC., to CALVERT was to secure payment for that work.
“Before CALVERT took its mortgage from PLANTATION RESORTS OF AMERICA, it did not search or cause to be searched the public records located in the Office of the Judge of Probate of Baldwin County, Alabama.
“PLANTATION RESORTS OF AMERICA, INC., through its authorized representatives, represented to CALVERT that the mortgage from PLANTATION . to CALVERT constituted a first mortgage on the property. Neither CREDITCO nor any individual authorized to act for it made any representations to CALVERT concerning the priority of its mortgage.”
The trial court entered a default judgment against Plantation Resorts and, after an ore tenus proceeding, declared that Calvert “shall have a priority position with regard to [Calvert’s] mortgage on the real property of Defendant for the indebtedness owed to [Calvert] by Plantation Resorts of America, Inc., by virtue of the subordination clause in the mortgage from Plantation Resorts of America, Inc., to Creditco Financial Services, Inc.” Subsequently, the trial court entered a “supplemental decree,” declaring the amount of Calvert’s lien. Creditco appeals, arguing that the trial court misapplied the law to the facts.
The trial court has implicitly concluded that Calvert’s mortgage was to secure a construction loan; however, reviewing the parties’ stipulation of facts in this case, we do not agree with that conclusion. Although Alabama courts have never specifically defined the term “construction loan,” Alabama courts have considered companies that perform labor in the construction of houses and companies that furnish materials for the construction of houses to be mechanics and ma-terialmen. See Dixie Heating & Cooling Co. v. Bank of Gadsden, 437 So.2d 576 (Ala.Civ. App.1983), wherein the Court of Civil Appeals held that a mechanic’s lien held by a heating and cooling company that had furnished material and labor in the construction of a house before a bank recorded its construction loan mortgage had priority over the bank’s mortgage; Kilgore Hardware & Building Supply, Inc. v. Mullins, 387 So.2d 834 (Ala.1980), wherein this Court held that the materialman’s lien asserted by a seller of building materials supplied for use in the construction of a home was inferior to. a bank’s mortgage that secured a construction loan; and Empire Home Loans, Inc., v. W.C. Bradley Co., 286 Ala. 449, 241 So.2d 317 (1970), wherein this Court held that where all work and materials supplied by a heating and insulating company in construction of the houses were supplied after the recordation of mortgages given to secure construction loans, the liens for labor and materials were not superior to the construction mortgages.
In Pollock v. Tiano, 253 Cal.App.2d 183, 61 Cal.Rptr. 235 (1967), the court stated that a construction loan is a loan of money to be used for construction of improvements on the property and for incidental expenses. From the record before us, it is apparent that the arrangement between Calvert and Plantation Resorts did not constitute a loan of money to be used for construction of improvements on the property and, therefore, that the arrangement did not constitute a “construction loan,” but that the mortgage executed in favor of Calvert was simply to secure the payment for work performed by Calvert as a materialman and/or a mechanic. The subordination clause in Creditco’s mortgage, therefore, does not require that Creditco subordinate its mortgage to Calvert’s mortgage. Creditco’s mortgage was executed and recorded before Calvert’s mortgage was recorded; accordingly, Crediteo’s mortgage has priority over Calvert’s mortgage. The trial court erred in concluding that by virtue of the subordination clause in Creditco’s mortgage, Calvert’s mortgage takes priority over Creditco’s mortgage.
*824 In Dixie Heating & Cooling Co., supra, the Court of Civil Appeals, citing Kilgore Hardware & Building Supply, supra, and Empire Home Loans, Inc., v. W.C. Bradley Co., supra, stated that where a mechanic began work on the construction of a building before a construction loan mortgage was recorded, the mechanic had a lien on the land and building with priority over the mortgage lien. We are unable to ascertain from the record before us the date upon which Calvert began work on the construction of the improvements in this case; accordingly, we set aside the judgment in this case and remand this case for the trial court to make that determination and to enter a judgment in accordance with that determination and consistent with this opinion.
JUDGMENT SET ASIDE; REMANDED.
HORNSBY, C.J., and SHORES, INGRAM and COOK, JJ., concur.